JOHN S. WAGSTAFF *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Plymouth.    April 8, 1948. — May 3, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Employment Security.    District Court,* Review respecting employment security.

Upon a review by a District Court of a decision of the board of review in the division of employment security under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended, findings by the board which were supported by certain portions of conflicting evidence must stand and the court had no power to make contrary findings nor a decision resulting therefrom on the ground that such contrary findings were required by the evidence "worthy of credence"; under the statute the board was the sole judge of the credibility and weight of the evidence.

PETITION, filed in the Second District Court of Plymouth on May 17, 1947, for review of a decision of the board of review in the division of employment security.

The case was heard by *Kalus,* J.

*S. Gurvitz,* Assistant Attorney General, & *J. A. Brennan,* for the respondent, submitted a brief.

No argument nor brief for the petitioner.

WILKINS, J.    This is an appeal by the respondent from a decree of a District Court, which reversed a decision of the board of review in the division of employment security in the department of labor and industries denying unemployment benefits under the employment security law. G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, as amended.

The director determined the claim to be invalid for the reason that the claimant "Left employment voluntarily

without good cause attributable to the employing unit or its agent." G. L. (Ter. Ed.) c. 151A, § 25 (e) (1), as appearing in St. 1941, c. 685, § 1. Upon review, an examiner made a similar finding, the determination was affirmed, and benefits were denied. The board of review denied the claimant's application for further review. The decision of the examiner thereupon became the decision of the board of review. G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1. The claimant caused the case to be certified to the District Court.

Proceedings in the District Court and appeal from that court directly to this court are under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, which provides: "In any proceeding under this section the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive, and the court shall render a decision or decree in accordance with such findings." This is a narrower scope of review than is commonly open upon an appeal. See *Ott* v. *Board of Registration in Medicine*, 276 Mass. 566, 571. But questions of law are reviewable in the District Court and here. *Pacific Mills* v. *Director of the Division of Employment Security*, ante, 345, 346.

The review examiner in his "findings of fact and reasons for decision" stated that the claimant testified that he worked for the Pickard Company of Brockton for approximately a month; that he took the job on a trial basis to learn the oil burner installation business; that due to lack of orders and material he was not doing as much oil burner installation as he had hoped; that during his spare time he did laboring, whitewashing, cement mixing, plumbing, and steamfitting, for which he received $1 an hour; and that he felt he should get steamfitter's pay of $1.37½ an hour whenever he performed that work. The examiner further stated that there was submitted a statement signed by the treasurer of the employing unit which said that the claimant called him on the telephone on the evening of November 21, 1946, and said he wanted his pay raised from $1 to $1.37½ an hour; that he informed the claimant that

he would have to think it over, which he did and decided that the claimant was not worth $15 a week more; that on the following Monday the claimant did not appear for work; and that on December 24, 1946, the claimant saw the treasurer and asked for a letter showing that he had been laid off for lack of materials, which was refused. In his "conclusion" the examiner stated, "It must have been apparent to the claimant that the employing unit was a small concern and that oil burners were not in abundance at the time he took the job. The contention of the claimant that he took the job on a trial basis does not seem to be borne out in the light of the fact that he continued to work for a month after finding out that the burner installations were held up for lack of materials. It appears to this review examiner that· the claimant was dissatisfied with conditions in general and a contributing factor was the refusal of the employing unit to raise his pay to $1.37½ an hour. It is found that he left his employment voluntarily without good cause attributable to the employing unit or its agent."

The District Court judge heard the case on the record of the proceedings in the division of employment security, including a transcript of the testimony of the hearing before the review examiner. The judge has reported the respondent's appeal to this court in accordance with the rules made by the District Courts (effective October 1, 1947) pursuant to G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. He found that "the claimant left his employment for good cause, due to the failure of the employer to provide the employee with 'oil burner installation work,' for which type of work the employee was engaged by the employer; that the employer sought to have the employee perform other duties which were essentially different from and beyond the terms of the employment." The report further reads: "The court is mindful of the limited scope of the inquiry authorized by the Legislature under § 42. Nevertheless I cannot believe that this responsibility is met by the court by merely searching the record for words or phrases used by a witness or a party

to the cause, which might support the determination of the director. Evidence means that testimony, when considered in the light of sober judgment and everyday experience in human affairs, that is worthy of credence. Judged by this standard, I am of the opinion that the evidence in this case requires the foregoing finding."

We are of opinion that the findings require a contrary result. Under the statute the findings of the board of review are conclusive "if supported by any evidence." See *Jordan Marsh Co.* v. *Labor Relations Commission*, 316 Mass. 748, 756–757. It is the board which has been made the sole judge of credibility and the weight of the evidence. If the findings are thus supported, it is not open to the District Court or to this court to substitute other views as to what should be the determination on the facts. The written statement of the treasurer of the employing unit was sufficient support for the board's findings. The board could, but evidently did not, believe the claimant. The judge's findings would appear to have been based upon an acceptance of that testimony and upon a rejection of the treasurer's statement. This the statute does not permit. The phrase in § 42, "supported by any evidence," does not contain the implied qualification that it be considered "worthy of credence" by the court. In this respect, procedure under the statute is not a novelty in our jurisprudence. Under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 11, as amended, the general finding of the reviewing board will be sustained if possible unless different findings are required as matter of law. *Bajdek's Case*, 321 Mass. 325, 326, and cases cited. For other analogous situations, see *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 213; *Murray* v. *Justices of the Municipal Court of the City of Boston*, 233 Mass. 186; *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 278; *Leigh* v. *Commissioner of Public Health and Charities of Lawrence*, 310 Mass. 343, 344.

The decision of the District Court is reversed, and instead a decree is to be entered adjudging the claim to be invalid.

*So ordered.*