HELEN RIVERS *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Hampden. September 23, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Employment Security.*

Under § 42 of G. L. (Ter. Ed.) c. 151A, as appearing in St. 1943, c. 534, § 6, a decision by the board of review in the division of employment security denying a claim for benefits was "conclusive" where the decision stated that "From the disputed testimony, it is found that the claimant was granted a leave of absence because of illness, and that after the expiration of her leave, she did not reapply for her former employment and, in effect, left her employment voluntarily without good cause attributable to the employing unit or its agent"; and, under § 25 (e) (1), as appearing in St. 1941, c. 685, § 1, the claim properly was dismissed.

PETITION, filed in the District Court of Eastern Hampden on July 10, 1947, for review of a decision by the board of review in the division of employment security constituted under G. L. (Ter. Ed.) c. 23, § 9N (b), as appearing in St. 1941, c. 685, § 5, dismissing a claim for unemployment compensation.

The petitioner filed a claim for benefits in December, 1946. The director of the division of employment security (see c. 23, § 9I, as appearing in § 4 of St. 1941, c. 685) "disqualified the claimant" for certain weeks on the ground that "she was not capable of and available for employment." The petitioner then, under § 40 of c. 151A as appearing in St. 1941, c. 685, § 1, filed an application for a review by the board of review. Under § 41 as appearing in said

c. 685, § 1, the board appointed an examiner, who made a decision quoted in the opinion, which, by force of the statute, became "deemed to be the decision of the board of review." The petitioner then, pursuant to c. 151A, § 42, as appearing in § 6 of St. 1943, c. 534, filed the present petition in the District Court, where, by order of *Snow, J.,* "the decision of the board of review" was affirmed and the "petition for judicial review" was "dismissed." Pursuant to said amended § 42, the petitioner appealed to this court.

*F. W. Schlosstein,* for the petitioner.

*C. A. Barnes,* Attorney General, *A. E. Lo Presti,* Assistant Attorney General, *& J. A. Brennan,* Chief Counsel, Division of Employment Security, for the respondent, submitted a brief.

RONAN, J. This is an appeal under § 42 of the employment security act, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, from a decision of a District Court affirming the decision of the board of review denying the claimant unemployment benefits on the ground that she left her employment voluntarily without good cause attributable to the employing unit or its agent. § 25 (e) (1) of the act as appearing in St. 1941, c. 685, § 1.

The claimant contends that the findings made by the examiner and deemed to be the decision of the board of review under § 41 as appearing in St. 1941, c. 685, § 1, were so few and meager that they were insufficient to support the decision denying benefits, and especially that the general finding that the claimant left her employment voluntarily and without good cause attributable to her employer was wrong because it was based solely on the proposition that it followed as matter of law from her failure to apply for reëmployment. The decision of the board sets forth the evidence in some detail and then the general finding. These findings "as to the facts, if supported by any evidence, shall be conclusive." § 42, as appearing in St. 1943, c. 534, § 6. *Jordan Marsh Co.* v. *Labor Relations Commission,* 316 Mass. 748, 756, 757. *Pacific Mills* v. *Director of the Division of Employment Security,* 322 Mass. 345, 346. *Wagstaff* v. *Direc-*

*tor of the Division of Employment Security,* 322 Mass. 664, 665.

The decision of the board of review stated that "From the disputed testimony, it is found that the claimant was granted a leave of absence because of illness, and that after the expiration of her leave, she did not reapply for her former employment and, in effect, left her employment voluntarily without good cause attributable to the employing unit or its agent." There was evidence that the claimant was granted on July 19, 1946, one month's leave of absence on account of a nervous condition from which she was then suffering, that her employer wrote to her on August 26, 1946, requesting information as to when she intended to return to work, that she did not reply to this letter, and that she never applied for reëmployment although her former job was open if she desired to accept it. The claimant testified that after the employer sent her a tax withholding receipt, which she construed as a notice of discharge, she never applied to her employer for work. It is plain that it cannot be said that this finding, that she did not apply for work, was not supported by the testimony.

There was no evidence that her illness was due to her employment when she quit on July 19, 1946, or that her absence from her work, thereafter, in so far as her illness was concerned, was in any way connected with her employer or her employment. Even if the board were to believe that she was sent a tax receipt which she had mistakenly regarded as a notice of her discharge, yet her interpretation of the receipt was her own mistake for which her employer could not be held responsible.

The claimant testified that she would be willing to return to her employment on a part-time basis, that she was not able to work full time on her former job but that she could do other types of full-time work. A physician certified that she could not work full time on any job before January 2, 1947. If her health had not improved since she left her employment on July 19, 1946, she was disqualified from receiving benefits, for one is only eligible for benefits who shall "Be capable of and available for work and unable to

obtain work in his usual occupation or any other occupation for which he is reasonably fitted." § 24 (b) as appearing in St. 1941, c. 685, § 1. If, on the other hand, her health had improved so that she was not ineligible on that ground for benefits within the section just cited, then her conduct upon all the testimony does not indicate a willingness to resume work but furnishes a fair inference, as drawn by the board of review, that she voluntarily left her employment without good cause attributable to her employer. Unemployment benefits are not for those who are incapable of working, for benefits under employment security are not to be considered as health insurance. Neither are they for those who are able to work and would be engaged in suitable employment if they were willing to work rather than to remain idle. The finding in question was one of fact and, being supported by the evidence, cannot be set aside. We do not agree with the claimant that it was predicated entirely upon the premise that because she did not reapply for employment she as matter of law voluntarily quit. We cannot so construe the decision of the board, which expressly states that its general findings including the one in question were based upon the disputed evidence.

The decision of the District Court affirming the decision of the board of review and dismissing the petition is affirmed.

*So ordered.*