PETER F. MOEN *vs.* DIRECTOR OF THE DIVISION OF EM-
PLOYMENT SECURITY & others.

Worcester.    December 9, 1948. — April 26, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Employment Security.   Labor and Labor Union.   Contract*, Of employment,
With labor union.

An agreement respecting vacations made between an employer and a
labor union which had been designated as the exclusive collective
bargaining representative of the employer's employees under U.S.C.
(1946 ed.) Title 29, § 159 (a), was as binding on one of such employees
as though he had made it personally with the employer.

An employee, who was idle without pay due to his employer's plant being
shut down for a vacation period with pay provided for other employ-
ees, to which he was not entitled, all pursuant to the provisions of a
collective bargaining agreement made between his employer and a
labor union which had been designated as the exclusive collective
bargaining representative for all his employer's employees, was volun-
tarily unemployed and therefore was not entitled to unemployment
benefits under G. L. (Ter. Ed.) c. 151A, § 25 (e) (1), as appearing in
St. 1941, c. 685, § 1.

PETITION, filed in the Central District Court of Worcester
on January 17, 1948, for review of a decision of the board of
review in the division of employment security.

The case was heard by *Allen, J.*

*S. S. Grant,* for the petitioner.

*B. M. Hall,* Assistant Attorney General, (*E. N. Boisclair*
with him,) for Director of the Division of Employment
Security.

SPALDING, J.   The claimant appeals from a decision of
the Central District Court of Worcester which affirmed a
decision of the board of review in the division of employ-
ment security in the department of labor and industries
denying unemployment benefits under the employment
security law.   G. L. (Ter. Ed.) c. 151A, as appearing in

St. 1941, c. 685, § 1, as amended. Proceedings in the District Court and appeal from that court directly to this court are under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. Since by § 42 the findings of the board of review are conclusive "if supported by any evidence," only questions of law are reviewable in the District Court and here. *Pacific Mills* v. *Director of the Division of Employment Security,* 322 Mass. 345, 346. *Wagstaff* v. *Director of the Division of Employment Security,* 322 Mass. 664, 667. *Rivers* v. *Director of the Division of Employment Security,* 323 Mass. 339. *Farrar* v. *Director of the Division of Employment Security, ante,* 45, 47–48.

The facts, which are not in dispute, are as follows: The claimant worked in the Worcester plant of The American Steel and Wire Company of New Jersey (hereinafter called the company), and at all times here material was a member of the United Steelworkers of America (CIO), a labor union with which the company had entered into a collective bargaining agreement.[1] It appears that the union had been designated the exclusive collective bargaining representative of the company's employees and that it became a party to the agreement "in its capacity as the exclusive collective-bargaining representative of such employees." The agreement provided that employees who had been in the service of the company for a certain period of time were eligible for a vacation with pay in any calendar year during the term of the agreement, and that "eligible employee[s] shall receive a vacation" of one, two, or three weeks, depending on their length of service with the company. The agreement further provided that "It is understood and agreed that a period of temporary shutdown in any department for any reason between June 1 and October 1, unless other periods are mutually agreed upon, may be designated as comprising the vacation period for any employees of the department who are eligible for vacations."

---

[1] The agreement was entered into on April 22, 1947, and was to terminate on April 30, 1949.

For the weeks ending on July 5 and July 12, 1947, the company's plant was shut down to enable its employees to take their vacations. Since the claimant had not been in the service of the company for the requisite length of time to make him eligible for a vacation with pay under the agreement, he received no compensation for the period of the shutdown and because of it was unable to render any services for the company. It is for this period that he claims compensation. Compensation was denied by the director. Upon review, an examiner ruled that the claimant was not entitled to compensation. The board of review by denying the claimant's application for further review adopted the decision of the examiner. G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1. *Wagstaff* v. *Director of the Division of Employment Security*, 322 Mass. 664, 665.

The question for decision, as the parties agree, is whether on the foregoing facts the board committed error of law in denying compensation to the claimant. The provisions of the employment security law pertinent to this question are the following: "Section 24. An individual, in order to be eligible for benefits under this chapter, shall . . . (b) Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted . . .. Section 25. No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter for . . . (d) Any period with respect to which he is receiving or has received or is about to receive remuneration in the form of . . . (2) vacation allowances . . .. (e) The period of unemployment next ensuing after an individual has left his employment; (1) Voluntarily without good cause attributable to the employing unit or its agent."

It is plain that the claimant's unemployment occurred as the result of a collective bargaining agreement between the company and a union of which the claimant was a member and which was the exclusive bargaining agency for those in the company's employ. Under this agreement employees

who had been in the service of the company for the required period of time were to be given vacations with pay. In order that this might be done the agreement, as noted above, permitted the company to designate "a period of temporary shutdown in any department . . . as comprising the vacation period for any employees of the department who are eligible for vacations." To be sure the agreement grants vacations expressly only to those who are eligible and is silent as to employees such as the claimant whose period of employment makes them ineligible for vacations with pay. But it would not, as the claimant concedes, have been feasible for the company to offer employment to him during the shutdown. Thus as to him and employees similarly situated the shutdown was in effect a vacation without pay or a leave of absence, although not designated as such in the agreement. If that results in a hardship to the claimant it arises from the agreement rather than from a failure on the part of the company to provide work.

It is apparent that the union had been designated, in accordance with the provisions of the national labor relations act, as the exclusive representative for all of the company's employees "for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment." U. S. C. (1946 ed.) Title 29, § 159 (a). The right of the claimant to deal with the company with respect to these matters was surrendered to the union. The union had become the exclusive representative of all the employees of the company for the purposes of collective bargaining. *Hamer* v. *Nashawena Mills, Inc.* 315 Mass. 160, 165. *Wallace Corp.* v. *National Labor Relations Board,* 323 U. S. 248, 255. *McQuay-Norris Manuf. Co.* v. *National Labor Relations Board,* 116 Fed. (2d) 748, 751 (C. C. A. 7). *National Labor Relations Board* v. *Draper Corp.* 145 Fed. (2d) 199, 203 (C. C. A. 4). The claimant was bound by the agreement made on his behalf by the union to the same extent as though he had entered into it individually. He is entitled to its benefits and must accept its burdens. The claimant speaking through

the union had agreed that the plant might be shut down in order that vacations could be had by the company's employees. It cannot be said that his unemployment for that period was other than voluntary. Unemployment which is voluntary is not compensable under the employment security law. The purpose of that law is to provide compensation for those who "are thrown out of work through no fault of their own." *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 282. *Farrar* v. *Director of the Division of Employment Security, ante*, 45, 48. The fact that the statute expressly provides that one who receives vacation allowances shall not be eligible for unemployment benefits (§ 25 [d] [2]) does not in our opinion evince a legislative intent to compensate for time off of the sort obtaining here. It is to be noted that that statute also provides that no benefits shall be paid for "The period of unemployment next ensuing after an individual has left his employment; (1) Voluntarily without good cause attributable to the employing unit or its agent." Although the company assented to the claimant's time off or absence from work, it was none the less voluntary on the part of the claimant for reasons already stated. In two very recent cases construing unemployment laws substantially similar to ours it was held that unemployment resulting from circumstances closely resembling those here was voluntary and did not afford a basis for the payment of unemployment benefits. *In re Employees of Buffelen Lumber & Manuf. Co.* 32 Wash. (2d) 205. *Mattey* v. *Unemployment Compensation Board of Review*, 164 Pa. Super. Ct. 36.

We have considered all of the questions argued by the claimant and have dealt with such of them as require discussion.

The decision of the District Court affirming the decision of the board of review and dismissing the petition is affirmed.

*So ordered.*