ANTHONY W. OLECHNICKY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Worcester.    January 31, 1950. — April 26, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Employment Security.*

Termination of an employment because of absence of the employee from his work for two days without notifying his employer of the reason for his absence justified a finding by the board of review in the division of employment security that he had voluntarily left his employment within G. L. (Ter. Ed.) c. 151A, § 25 (e) (1), as appearing in St. 1941, c. 685, § 1, and it was proper to deny him unemployment benefits.

PETITION, filed in the First District Court of Northern Worcester on January 18, 1949, for review of a decision of the board of review in the division of employment security.

The case was heard by *Moore*, J.

In this court the case was submitted on briefs.

*G. G. Morze*, for the petitioner.

*F. E. Kelly*, Attorney General, *A. M. Cicchetti*, Assistant Attorney General, & *J. A. Brennan*, for the respondent.

COUNIHAN, J.    This is an appeal under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, from a decision of a District Court which affirmed a decision of the board of review of the division of employment security in the department of labor and industries denying unemployment benefits under the employment security law.

The claimant alleged that he was laid off for lack of work and claimed unemployment benefits.    After hearing the director determined that the claim was invalid for the reason that the "unemployment is due to discharge and is attributable solely to deliberate misconduct on the part of the claimant in wilful disregard of the employing unit's interest."    G. L. (Ter. Ed.) c. 151A, § 25 (e) (2), as appear-

ing in St. 1941, c. 685, § 1. On appeal by the claimant there was a hearing before a review examiner at which apparently only the claimant appeared, and after hearing the examiner affirmed the decision of the director in effect but modified it as to the reason therefor. The examiner made the following findings: "The employee worked for the employing unit pulling canes for approximately a year and a half. During this period of employment, the employee was absent on an average of two days a month and, at times, notified the employer of his reason for absence. Just prior to his discharge, the employee was absent for two days, during which time he failed to notify the employing unit of the reason for absence. When he reported for duty, he was told he had been terminated [*sic*]. At the hearing, it was the employee's contention that his last absence had been occasioned by illness; that he was suffering with grippe and as he was without means of communication, he had not contacted the employing unit. Questioning of the employee disclosed that he had been attended by his daughter but he had not asked his daughter to contact the employing unit to advise it of the reason for absence because he felt that inasmuch as he had worked for the employing unit a year and a half, he would not be discharged if away from work without explanation for two days. On the employee's testimony, it would not appear that his discharge was for misconduct within the meaning of the Massachusetts employment security law, and it is so found. However, it has been repeatedly held by the board that a termination which is the result of failure on the employee's part to notify the employing unit of his reason for absence, is tantamount to a voluntary leaving of employment within the meaning of the law, and it is so found in the instant case."

The board of review denied the application of the claimant to appeal from the decision of the examiner which thus became the decision of the board of review. G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1. The claimant duly filed this petition for review in a District Court.

General Laws (Ter. Ed.) c. 151A, § 25, as appearing in St. 1941, c. 685, § 1, provides: "No waiting period shall be allowed and no benefits shall be paid to an individual under this chapter for . . . (e) The period of unemployment next ensuing after an individual has left his employment; (1) Voluntarily without good cause attributable to the employing unit or its agent, or (2) By discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest."

The director rested his denial on subsection 2 but the board of review affirmed that denial on subsection 1.

The only contention made and argued by the claimant is that he did not leave his employment voluntarily without good cause.

General Laws (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434, provides: "In any proceeding under this section the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive, and the court shall render a decision or decree in accordance with such findings." Consequently "In so far as the determination of this question is one of fact, our duty is to examine the record and to determine whether there is an evidentiary basis for this finding and, if there is, the finding must stand as findings of the board are conclusive 'if supported by any evidence.'" *Farrar* v. *Director of the Division of Employment Security*, 324 Mass. 45, 47–48. *Pacific Mills* v. *Director of the Division of Employment Security*, 322 Mass. 345, 346. *Wagstaff* v. *Director of the Division of Employment Security*, 322 Mass. 664, 667. *Rivers* v. *Director of the Division of Employment Security*, 323 Mass. 339, 342. We are of opinion that the decision of the District Court was correct. "It [the board of review] is the board which has been made the sole judge of credibility and the weight of the evidence. If the findings are thus supported, it is not open to the District Court or to this court to substitute other views as to what should be the determination on the facts." *Wagstaff* v. *Director*

*of the Division of Employment Security,* 322 Mass. 664, 667. The board of review found that "a termination which is the result of failure on the employee's part to notify the employing unit of his reason for absence, is tantamount to a voluntary leaving of employment within the meaning of the law, and it is so found in the instant case." We construe this as a finding of fact that the employee did voluntarily leave his employment within the meaning of subsection 1. This finding of fact was supported by evidence. It is binding on us.

The decision of the District Court affirming the decision of the board of review and dismissing the petition is affirmed.

*So ordered.*