LUCY E. CORRADO *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Suffolk.    February 7, 1950. — May 2, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Employment Security.*

Evidence that an employee restricted her availability for suitable office work to an office where two or three persons were employed and accordingly "did not care to accept" employment in an office where nine or ten persons were employed, supported a finding by the board of review in the division of employment security that she was not "available" for employment within § 24 (b) of the employment security act, G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1; and a decision by the board denying her benefits under the act must stand.

PETITION, filed in the Municipal Court of the City of Boston on December 9, 1948, for review of a decision by the board of review in the division of employment security.

The case was heard by *Shamon,* J., from whose decision the respondent appealed to this court.

*F. E. Kelly,* Attorney General, *E. J. Nantoski,* Assistant Attorney General, *& J. A. Brennan,* for the respondent, submitted a brief.

*S. Berkman,* (*L. E. Cooke* with him,) for the petitioner.

WILLIAMS, J.    This is an appeal by the respondent from a decision of the Municipal Court of the City of Boston which reversed a decision of the board of review in the division of employment security denying unemployment benefits under the employment security law.    G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1, as amended. The board of review adopted a finding of an examiner that

the claimant had placed a restriction upon her availability to a point where it could not be considered that she was available for employment within the meaning of the law. The findings of the board of review as to the facts, "if supported by any evidence, shall be conclusive." G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, and as amended by St. 1947, c. 434. The question is, therefore, whether there was any evidence before the board of review warranting its finding.

The claimant had worked for an attorney in Boston for a period of some sixteen months prior to July, 1948, at a salary of $30 per week. She was employed as a secretary and apparently did some stenographic work. Her employer had failed to increase her salary to $35 as he had promised to do, alleging that there was not sufficient work in the office to permit the increase. Because of this failure on the part of the employer, the claimant did not return to work after her vacation. The employer offered her $35 per week but she refused to accept it. Thereafter she answered several newspaper advertisements, and had five or six interviews with prospective employers and one or two with employers to whom she had been referred by the public employment agency. One of her interviews was at a shoe manufacturing concern in Roxbury where in the department in which she would work there were employed nine or ten people. She testified "It was . . . quite a large office. I had explained to the prospective employer that I had never worked in a large office, and I said, '. . . I don't think it's going to work out.' He said, 'Well, if you have never worked in a large office, you perhaps might find it difficult working with a lot of people. We'll just let it go at that. I'll phone the unemployment division and tell them that you weren't satisfactory.' " In her statement of facts filed with the director she said "For that reason she did not care to accept the job." She had in mind a small office employing two or three people. The board could have found that the employment offered was "suitable." G. L. (Ter. Ed.) c. 151A, § 25 (c), as appearing in St. 1941, c. 685, § 1. The

place of employment was located within a reasonable distance of the claimant's residence, which was in Dorchester. The work was that which she had been accustomed to perform. Her objection was that nine or ten persons were employed whereas she would have liked to work with two or three.

It cannot be said that there was error of law or arbitrary conduct on the part of the board. *Pacific Mills* v. *Director of the Division of Employment Security,* 322 Mass. 345. Unemployment benefits are not for those who would be engaged in suitable employment if they were willing to work rather than to remain idle. *Rivers* v. *Director of the Division of Employment Security,* 323 Mass. 339. A claimant must be capable and available for work and ready and willing to obtain suitable employment. He must act in good faith and make reasonable effort to secure employment which he is qualified by experience and training to perform. His mental attitude toward the employment as evidenced by his conduct must be considered. *Farrar* v. *Director of the Division of Employment Security,* 324 Mass. 45, 48–49. G. L. (Ter. Ed.) c. 151A, § 24, as appearing in § 1 of c. 685 of St. 1941.

It was error for the judge in the Municipal Court to find that the board of review was wrong and that its findings required a contrary decision as matter of law. There was evidence that the claimant had placed a restriction on her availability to the point where it could not be considered that she was available for employment under the meaning of the law. The decision of the Municipal Court is reversed and a decision is to be entered adjudging the claim to be invalid.

*So ordered.*