327 Mass. 360 (1951)
99 N.E.2d 57
MORRIS WEINER
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.
Supreme Judicial Court of Massachusetts, Suffolk.
March 6, 1951.
May 8, 1951.
Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.
F.E. Kelly, Attorney General, A.M. Cicchetti, Assistant Attorney General, & J.A. Brennan, for the respondent director, submitted a brief.
No argument nor brief for the petitioner.
LUMMUS, J.
Unemployment compensation began in Massachusetts with St. 1935, c. 479, inserting by § 5 a new chapter in the General Laws, called c. 151A. A substitute for that new chapter was provided by St. 1937, c. 421, § 1. That substitute chapter was itself repealed by St. 1941, c. 685, § 1, and a new c. 151A was provided. This with later amendments constitutes the present law.
Contributions are required to be paid into a fund, to be used for the benefit of employees who lose their employment. In Howes Brothers Co. v. Unemployment Compensation Commission, 296 Mass. 275, the statute was upheld as an exercise of the police power.
The claimant, Morris Weiner, is seventy-four years old, and has worked for nineteen years as a stone polisher for the Boston Bank Note Company, polishing stones used in lithography. He was laid off on September 15, 1947, for the reason, as he believes, that he had become too old and slow. On May 4, 1948, he filed a claim for unemployment benefits. *362 Because of changes in the systems of printing, stone polishers are no longer in demand, and it is hard for them to obtain work at their trade. The director denied him benefits on May 21, 1948, and he appealed to the board of review. A hearing was held before a review examiner, who heard the evidence, and made his decision on July 19, 1948. He found as follows: "The claimant is one of the last of a dying trade, opportunities in his own line are extremely scarce, so that his search for employment had been without results. It appears, therefore, that he is actually no longer in the labor market, and therefore, is not considered available for employment within the meaning of the law." The board of review on July 23, 1948, affirmed the determination of the director that the claimant is not available.
On August 25, 1948, the claimant filed in a District Court a petition for a judicial review under G.L. (Ter. Ed.) c. 151A, § 42. The District Court, on October 17, 1950, reversed the decision of the board of review denying benefits to the claimant. The director appealed to this court. Scola v. Director of the Division of Employment Security, 326 Mass. 180.
The director contends that the District Court acquired no jurisdiction, because of a failure to comply with G.L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, amended in an immaterial respect by St. 1947, c. 434. That section provides for the filing in the District Court of a petition for review "within twenty days of the date of mailing of such decision." It provides also that "Upon the filing of a petition for review by an aggrieved party other than the director," service shall be made upon the director by registered mail fourteen days at least before the return day.
The decision of the board of review was mailed on August 5, 1948, and the petition for judicial review was filed on August 25, 1948, within the twenty days allowed. The order of notice issued from the District Court on September 2, 1948, and fixed the return day as September 25, 1948. Service was made on the director and the former employer *363 on September 9, 1948, more than fourteen days before the return day.
The director contends that not only should the petition for judicial review have been filed within twenty days after August 5, 1948, when the decision of the board of review was mailed, but that also the order of notice should have been issued within the same time. He contends that that conclusion results from the words "Upon the filing" in § 42. We cannot agree with his contention. The contrary was decided in Harrington & Richardson Arms Co. v. Director of the Division of Employment Security, 323 Mass. 603, 605. The provision in § 42 that service be made "upon" the filing of a petition for judicial review doubtless forbids undue delay. Putnam v. Langley, 133 Mass. 204, 205. Opinion of the Justices, 309 Mass. 609, 626. But the issuance of the order of notice was the act of the District Court, over which the claimant had no control. Home Owners' Loan Corp. v. Sweeney, 309 Mass. 26, 29. The order of notice was issued eight days after the filing of the petition for judicial review.
On the merits, the findings of the board of review, if supported by any evidence, are conclusive. Wagstaff v. Director of the Division of Employment Security, 322 Mass. 664. Rivers v. Director of the Division of Employment Security, 323 Mass. 339, 340. Farrar v. Director of the Division of Employment Security, 234 Mass. 45, 48. Fort Pond Inn Co. v. Director of the Division of Employment Security, 324 Mass. 281, 283. Olechnicky v. Director of the Division of Employment Security, 325 Mass. 660, 662. Corrado v. Director of the Division of Employment Security, 325 Mass. 711, 712. To be eligible for unemployment compensation benefits, a claimant must "Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted." G.L. (Ter. Ed.) c. 151A, § 24 (b), as appearing in St. 1941, c. 685, § 1. There was no evidence that the claimant was fitted for any occupation other than his own. He was not a workman temporarily out of work. His occupation was gone. "Unemployment benefits are not for those who are incapable *364 of working." Rivers v. Director of the Division of Employment Security, 323 Mass. 339, 342.
In our opinion, the decision of the board of review was warranted by the evidence, and must stand. The decision of the District Court is reversed, and a decision is to be entered, as in Corrado v. Director of the Division of Employment Security, 325 Mass. 711, 713, adjudging the claim to be invalid.
So ordered.