## Schwartz Unemployment Compensation Case.

Argued September 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*N. Carl Schwartz,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, and *Bruce E. Cooper,* Associate Counsel, for appellee.

*S. Regen Ginsburg,* intervenor, in propria persona.

OPINION BY RENO, J., November 15, 1951:

The Board held appellant disqualified under the Unemployment Compensation Law, §402(b), 43 P.S. §802, which provides: "An employe shall be ineligible for compensation for any week . . . In which his unemployment is due to voluntarily leaving work without good cause: . . ." Her case is ruled by *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671, and the Board's decision will be affirmed.

There were sharp contradictions in the testimony and the Board, which is the ultimate trier of the facts, determined the credibility of the witnesses, and resolved the conflicts. Its findings are supported by evidence, and we are bound by them. Law, supra, §510, 43 P.S. §830.

The findings present this factual picture: Appellant, a secretary in a Philadelphia law office, was in the first stages of pregnancy and her attendance to work became irregular. During the week ending August 4, 1950, she worked only one day; was absent the

entire week which began on August 7th; worked steadily for the two weeks which began on August 14th; and her last work day was August 25th. After that she never returned to work and did not notify her employer of the reason for her failure to do so. Her husband informed her employer that appellant was in New York City and did not know when she would return.

She returned to Philadelphia on Saturday, September 2nd; made no effort to return to work, although her physical condition would not have prevented it; failed, so the Board found, to "notify the employer of her future work intentions" or request a leave of absence; and the day following Labor Day, on September 5th, filed her claim for compensation. Her claim that she had been discharged was not sustained by the Board and is not supported by substantial evidence.

Clearly her claim was invalid. The Law makes no provision for employes who have jobs and will not work. It contemplates steady application to the work to which the employe is committed and, in case of necessary absences, a sincere effort to guard the job by timely notice to the employer. Failure to do so, may constitute a voluntary leaving. *Vernon Unemployment Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383; *Michalsky Unemployment Compensation Case,* 163 Pa. Superior Ct. 436, 62 A. 2d 113. Accordingly we held in the *Flannick Case,* supra, p. 610: "[W]here an employe leaves employment because of a temporary disability with the expectation of later returning to work he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force. This is especially applicable where the leaving is an equivocal act, as where a pregnant woman leaves her employment and the leaving can be construed either as a temporary absence or an abandonment of the labor force."

Appellant's registration and claim for benefits was a declaration that she was then able to, and available for, work. There was then no excuse for her failure to return to her regular job, unless she was seeking a compensated vacation—a boon which the Law does not grant.

Decision affirmed.