**DAHMAN, Plaintiff-Appellant, v. COMMERCIAL SHEARING AND STAMPING COMPANY et, Defendants-Appellees.**

Common Pleas Court, Mahoning County.

No. 157818.   Decided April 5, 1960.

Herschel Kriger, Canton, for plaintiff-appellant.

Harrington, Huxley & Smith, Donald Lynn, Youngstown, for Commercial Shearing & Stamping Co., defendant-appellee.

Daniel T. Lehigh, Asst. Atty. Genl., for Administrator, Bureau of Unemployment Compensation, defendant-appellee.

## OPINION

By BATTISTI, J.

Claimant filed an application on May 21, 1957, for a determination of his rights to receive unemployment compensation benefits pursuant to §4141.01 et seq, R. C. The original application was denied by the Administrator. The decision of the Administrator was reversed by a referee who allowed the benefits. The Board of Review reversed the Referee, and on rehearing, the Board sustained its previous decision denying the benefits.

Claimant is here on an appeal from the decision of the Board of Review.

Claimant was employed by The Commercial Shearing and Stamping Company, Youngstown, Ohio, on November 2, 1946. The department in which he worked was shut down for the weeks ending July 6 and July 13, 1957. During that period, Claimant was unemployed. Evidently he was ready, willing and able to accept employment during the shutdown period.

A collective bargaining agreement existed between the Employer and Local 2332, United Steelworkers of America. Claimant was a member of that Local.

Article XI, Section 3 of the agreement provided:

"Promptly after March 1 of each calendar year each eligible employee shall be requested to specify the vacation period he desires. Vacations will, so far as practicable, be granted at times most desired by employees (longer service employees being given preference as to choice); but the final right to allot vacation periods and to change such allotments is exclusively reserved to the Company in order to insure the orderly operation of the plants; provided that vacations shall be scheduled, in the absence of mutual agreement between local plant management and local grievance committee to the contrary, between May 1 and October 1 of each calendar year or, with the consent of the employee, at such other time during the calendar year as may be agreeable to the plant management and the employee.

"It is understood and agreed that a period of temporary shutdown in any department for any reason, between June 1 and October 1, unless other periods are mutually agreed upon, may be designated as comprising the vacation period for any employees of the department who are eligible for vacation."

Claimant had not served with this employer for a sufficient length of time to be eligible for a vacation.

Claimant argued that his unemployment was involuntary because he was not eligible for a vacation under the agreement, and in fact did not receive vacation pay. Any other interpretation of the agreement, he argued, constitutes an unauthorized unilateral modification of the agreement. His argument is consistent with and predicated upon Abbott v. Truscon Steel Company, Case No. 149249, Mahoning County Common Pleas Court, wherein Jenkins, J, held:

"Do the provisions of the written contract quoted clearly authorize the step taken by the company in closing down the entire plant as a vacation period? If it does not, then the action constitutes a modification of the contract on that point . . . . it is plain to this court that the express terms of the written contract make the action of the company a change or modification as to the vacation provisions."

The Employer argued that while Claimant was ineligible for a vacation, nevertheless, he agreed through his Union to be unemployed during the shutdown period. Therefore, the Employer argues, he suffered "voluntary" unemployment and is not entitled to benefits. This position is supported, among others, by Moen v. Director of Division of Employment Security, 324 Mass. 246, 85 N. E. (2d), 779 (1949); and B. J. Arrells v. Board of Review, Case No. 619521, Cuyahoga County Common Pleas Court.

The Moen case, supra, takes the view that the shutdown, as to this Claimant, is a "vacation without pay" or "leave of absence." The "hardship" it was said, "arises from the agreement rather than from a failure on the part of the company to provide work."

The B. J. Arrells case, supra, takes the view that the Claimant's "contentions would create a situation most undesirable both to labor and management." The "incentive" for bargaining with the employee regarding paid vacations would disappear, it was said, because "all vacations, regardless of length, would be paid from the unemployment compensation fund."

The Board of Review adopted the views expressed in the Moen and B. J. Arrells cases, supra, and held:

"that claimant herein, although not eligible for vacation or vacation pay, became unemployed during a vacation period which employer was authorized to designate under an agreement executed by the union of which he was a member; that claimant's unemployment during the two-week vacation shutdown period, and specifically in the week ending July 6, 1957, was voluntary, and therefore is not compensable under the Ohio Unemployment Compensation Law."

It is clear that the Claimant has experienced a separation from his employment without pay. The Unemployment Compensation Act, §4141.29 R. C., provides that:

"Each eligible individual shall receive benefits as compensation for loss of remuneration due to total or involuntary partial unemployment * * *."

The Unemployment Compensation Act is designed to provide a subsistence bridge for those who have been separated from employment

without culpability or fault on their part, and who are ready, willing and able to engage in available employment. See, Diaz et al, v. Koppers Co., Case No. 3447-55, Mahoning County Court of Appeals (October 24, 1955); **Norwalk v. Board of Review, 150 Oh St 535, 537 (1948)**, denying benefits but expressing the purpose of the act; and **United States Coal Company v. Board of Review, 16 O. O. 323, (affirmed 66 Oh Ap 329)**. Thus it has been held that one is not unemployed while on a paid vacation, and is therefore ineligible for unemployment compensation. **Reid v. Board of Review, 155 Oh St 6 (1951)**.

Sec. 4141.46 R. C., provides that the Unemployment Compensation Act ". . . . shall be liberally construed." No amount of mental gymnastics can convince this Court that the construction which the Board of Review has placed §4141.29 R. C., is liberal. Playing with phrases like "vacation without pay" or "leave of absence" stems from a want of better terms to avoid the words "laid-off." The attempt to equate "paid vacations" with the benefits payable as unemployment compensation constitutes a blind resistance to the obvious purpose of the unemployment act. The liberal construction directed by §4141.46 supra, R. C., is clearly made in connection with the purpose sought to be achieved by the act. That is to say, the act should be liberally construed so as to insure a subsistence bridge for those who have been separated from employment under conditions whereby they are ready, willing and able to work, but cannot conscientiously secure it during the period of separation.

The Board of Review distinguished the Abbott case on the ground that in the instant case the "employer was acting strictly in line with an express provision of the Company-Union agreement" in designating the period of shutdown as the vacation period for employees who were eligible for vacation. This is no distinction at all. The instant case deals with an ineligible employee, not an eligible one. So long as the agreement was to be used as the basis of the decision of the Board, a liberal construction would have followed the Abbott case.

The Board of Review concludes that Claimant's rights to benefits were bargained away, through his Union, by virtue of the language of the collective bargaining agreement. In this connection the Board fails to observe that unemployment compensation benefits are conferred by the Legislature. They are not conferred by collective bargaining agreements. These benefits cannot be made the subject of collective bargaining.

The Board also failed to consider the provisions of §4141.32 R. C., which provides that:

"No agreement by an employee to waive his right to benefits is valid, * * *."

The principle of unemployment compensation law relied upon by the Board of Review amounts to an approval of an agreement whereby Claimant waived his rights to unemployment compensation benefits. Thus, the decision of the Board of Review is not only manifestly contrary to the spirit of the Act, but it is equally contrary to the provisions of §4141.32 supra, R. C.

The decision of the Board of Review, Bureau of Unemployment Compensation, is reversed and the cause is remanded for allowance of benefits to Claimant.