ALBERT W. BOGDANOWICZ *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.

Hampshire.    September 30, 1960. — November 4, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Employment Security,* Procedure: review by District Court; Employee's deliberate misconduct; Leave of absence.  *Contract,* With labor union. *District Court,* Review respecting employment security.  *Words,* "Vacation without pay," "Leave of absence."

Failure of the clerk of a District Court to issue an order of notice on a petition for review of a decision of the board of review in the division of employment security within seven days as required by G. L. c. 151A, § 42, as amended through St. 1954, c. 681, § 12, did not deprive the court of jurisdiction of the case.    [332]

A decision by the board of review in the division of employment security, that an employee's absence from work for several days, referred to in the decision as a "vacation taken . . . without pay," was one which the employee should have requested in writing under a provision of a union contract respecting "Leaves of Absence," and that discharge of the employee based on such absence from work without making such a request was "due to deliberate misconduct on his part in wilful disregard of the employing unit's interest" so that he was disqualified from receiving unemployment benefits because of G. L. c. 151A, § 25 (e) (2), as amended through St. 1956, c. 719, § 4, showed no error and should have been affirmed on review by a District Court.    [333–334]

PETITION, filed in the District Court of Hampshire on January 28, 1959, for review of a decision of the board of review in the division of employment security.

The case was heard by *O'Connor, J.*

*William C. Ellis, (Frederick A. Harkins* with him,) for the director of the division of employment security.

*Robert T. Doyle,* for the petitioner.

CUTTER, J.    This is an appeal by the director of the division of employment security from the decision of a District Court judge.    See G. L. c. 151A, § 42 (as amended through St. 1954, c. 681, § 12).    The judge's decision reversed a decision of the division's board of review denying unemployment benefits to the petitioner.

1.   The judge correctly overruled the director's answer in abatement asserting that the petitioner had failed to comply with the statutory conditions precedent to judicial review.   On January 28, 1959, the petitioner filed in the District Court a petition for judicial review.   On February 10, 1959, an order of notice issued.   General Laws c. 151A, § 42, was amended by St. 1951, c. 763, § 18, after the decision in *Weiner* v. *Director of Div. of Employment Security,* 327 Mass. 360, 362–363, to provide, ''Upon the filing of a petition for review by an aggrieved party other than the director, the clerk of the district court within seven days thereafter shall issue an order of notice.''   The failure to comply with the statute was that of the clerk and not of the petitioner.   Nothing in the amendment deprives the District Court of jurisdiction of the petition merely because of improper delay in issuing the order of notice on the part of a public official over whom the petitioner had no control.   The present case is governed by the *Weiner* decision.

2.   The review examiner's decision became the final decision of the division's board of review.   He approved the decision of the director disqualifying the petitioner from receiving unemployment benefits upon his claim filed on September 16, 1958, because of the provisions of G. L. c. 151A, § 25, as amended through St. 1956, c. 719, § 4.[1]   Section 25 reads in part, ''No waiting period shall be allowed and no benefits shall be paid . . . for (e) The period of unemployment next ensuing . . . [subject to further provisions not here relevant] after he [the employee] has left his work . . . (2) by discharge shown to the satisfaction of the director to be attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest . . ..''

The review examiner found that the petitioner, in June, 1958, ''was laid off for a five-days period and was paid three days' vacation pay for which he qualified due to his length of service.''   He did not report for work on Septem-

---

[1] Later amendments of the section, not here applicable, are found in St. 1958, c. 677, which became effective on October 27, 1958, after the present claim was filed, and in St. 1959, c. 533, and St. 1959, c. 554.

ber 3, 4, 7, and 8, and asserted "that he had received permission from his supervisor to be absent on those days for vacation purposes." The examiner concluded, "The vacation taken . . . in September . . . was one without pay and, under the union contract, he should have made a request in writing for this vacation. He did not [do so] nor did he work and he was discharged, and . . . such discharge was due to deliberate misconduct on his part in wilful disregard of the employing unit's interest." The discharge was clearly based on the employee's failure to report for work on four days in September. The findings of fact included in these portions of the examiner's report had substantial support in the evidence. See *Western Elec. Co. Inc.* v. *Director of Div. of Employment Security,* 340 Mass. 190, 192. The District Court judge reversed the board's decision on the ground that the decision "was based upon an error of law in that the [union] contract . . . does not contain a provision to the effect that an employee who desires a vacation without pay shall make his request in writing."

The union contract contains the following pertinent provisions. Article V, § 2, provides, "Seniority shall be lost for . . . e. Failure to report the cause of absence from work within three (3) days from start of such absence." Article VI, § 8, reads, "Any employee unable to report for work shall notify the company before the start of the shift whenever possible. Repeated violations will subject the employee to disciplinary action." Article VII, "Leaves of Absence," § 1, reads in part, "Leaves of absence may be granted without pay on written request of an employee up to one year and no seniority shall be lost by taking such approved leave." Article X, "Vacations," § 1, "Vacation Provisions," reads in part, "The company will grant paid vacations to all employees coming under the terms of this agreement in accordance with the following provisions: [then follows a schedule of amounts of vacation allowable to employees based upon seniority and hours of work during stated periods]."

Unless the matter is covered by art. VII, relating to leaves of absence, there appears to be no specific provision in the union contract governing "vacation[s] without pay" as distinguished (if there is, indeed, any such distinction) from "leaves of absence . . . without pay." In the absence of such a provision the examiner committed no error of law in regarding the employee's September absence as one for which written application should have been made under art. VII, § 1. Even though in his decision the examiner referred to the absence as "a vacation without pay" he was plainly using the term as one having the same substantive meaning as "leave of absence." See *Moen* v. *Director of Div. of Employment Security,* 324 Mass. 246, 249, where the terms "a vacation without pay" and "leave of absence" are used interchangeably as meaning the same thing. See also *Thompson* v. *Young,* 63 F. Supp. 890, 891 (D. Dist. Col.); *Dauber's Case,* 151 Pa. Super. 293, 296–297; *Mattey* v. *Unemployment Compensation Bd. of Review,* 164 Pa. Super. 36, 37, 39; *General Elec. Co.* v. *Unemployment Compensation Bd. of Review,* 177 Pa. Super. 49, 52. Cf. *State* v. *Akron Civil Serv. Commn.* 95 Ohio App. 385, 389–392, in which the term "leave of absence," in the particular context, may have been used primarily in reference to permitted absences of substantial duration.

The review examiner was not required to believe (see *Olechnicky* v. *Director of Div. of Employment Security,* 325 Mass. 660, 662–663) or to give controlling effect to testimony tending to show (a) that the employee obtained oral approval of his September absences, or (b) that officials of the company, either habitually or in this instance, may have treated a short absence from work as different from a "leave of absence" and as not within the requirement of art. VII, § 1, that there be written application for a leave of absence without pay, or (c) that the employee complied with art. V, § 2, by reporting his absence within three days from its commencement and obtained approval of it, or (d) that in this instance there was some form of oral waiver of the provisions of art. VII, § 1, by representatives of the employer.

3.  Since the examiner's findings, adopted by the review board, were supported by substantial evidence and his conclusions were not based on any error of law, the board's decision should have been affirmed by the District Court. The decision of the District Court is reversed. A decision is to be entered adjudging the decision of the board to be correct.

*So ordered.*