Augustine Killiany *v.* Administrator, Unemployment Compensation Act

Superior Court     Litchfield County     File No. 16732

Memorandum filed February 6, 1962

*S. Robert Verrillo,* of Hartford, for the plaintiff.

*Albert L. Coles,* attorney general, and *Harry Silvestone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

Meyers, J. From September, 1958, to May, 1960, the claimant, Augustine Killiany, married and living with his wife and children, was employed at the Kaman Aircraft Company in Bloomfield on the first shift, from 8 a.m. to 4:30 p.m. Until November, 1959, when he was advised by the veterans bureau that the engineering curriculum which he was pursuing was unsuitable for him and that he should study business administration instead, the claimant attended the University of Hartford, where he was regularly enrolled as a part-time evening student. No further schooling was attempted by him until he matriculated as a full-time business management student in June of 1960. For a period of approximately five weeks, from May 16, 1960, until June 24, 1960, the claimant worked at two jobs, the first shift at the Torrington Company and the second shift at the Kaman Aircraft Company. On the latter date,

the claimant terminated his Kaman employment, became a full-time student in business management at the University of Hartford and continued in his work at the Torrington Company as a full-time employee on the second shift. This employment was terminated by the employer because of lack of work on August 30, 1960.

As of August 28, 1960, Augustine Killiany registered for work and filed a claim for unemployment benefits. He declared his availability, by choice, for second-shift work, or, if necessary, first shift, the latter requiring a changeover of his curricular activities at the University of Hartford, or, if that privilege was unavailable, then to drop out of college and subsequently conclude his studies during evening sessions. On October 26, 1960, the benefits were disapproved by the administrator, here the appellant, as of October 16, 1960, on the stated grounds that this claimant was unavailable for work. In a corrected decision, under date of August 31, 1961, rendered after the holding of a reopened hearing, the unemployment commissioner of the fifth congressional district reversed the ruling of the examiner and found that the claimant was available for work within the meaning of the Unemployment Compensation Act. It is from this decision by the commissioner that the instant appeal comes to this court. Although certain parts of the commissioner's corrected finding might be subject to correction on this appeal, the instant determination will be based on a portion of that finding which, in the opinion of this court, needs no further correction.

The gravamen arises from the administrator's claim that the commissioner erred in concluding that the claimant was "actively seeking work since his layoff" and "is available for suitable work in the area." Claim is made that these conclusions

are not supported by, and are not consistent with, the finding of fact which declares that the claimant did not report back on a referral to a job at Brunswick Sports Products Company on November 10, 1960. Where a conclusion fails to find support in the finding of facts, it may be disturbed. *Almada* v. *Administrator,* 137 Conn. 380, 391.

The pertinent statute, § 31-235 of the General Statutes, provides that an unemployed person shall be eligible to receive benefits with respect to any week only if it has been found that "(2) he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work." For further consideration is § 31-236, dealing, inter alia, with the disqualification of a person qualified for benefits under § 31-235 because "he has failed without sufficient cause . . . to apply for available, suitable work when directed so to do by the public employment bureau or the administrator." The question of what is suitable work arises under § 31-236, when an otherwise eligible employee fails without cause either to apply for or to accept available suitable work. *Northup* v. *Administrator,* 148 Conn. 475, 479. Here the claim is advanced that there was a failure by the claimant to make and complete the required application for a job as a business trainee because he did not return to complete the referral as per his appointment with the employer, and thus there was a failure to apply even if there was conformance with the conditions precedent as required in § 31-235, supra.

The facts are undisputed that on November 10, 1960, the claimant was offered a referral by the employment service to the Brunswick Sports Products Company in Torrington. He went to that plant, took two tests and was asked to, and thereupon agreed to, return at a time certain on the next day for

further test and interview. This the claimant did not do, and the material finding in this connection is: "The claimant did not report back because he forgot . . . ."

The accepted meaning of the verb "forget" is "to lose the remembrance of: let go from the memory: . . . to omit or disregard unintentionally: neglect: . . . to treat with inattention or disregard: slight . . . ." Webster's Third New International Dictionary. Here we have a married man with a family who is out of work and, seeking to carry on his education, elects to study business management. Having been offered a referral seeking a business trainee, he fails to complete the referral and suggests as an excuse for such failure that he forgot about the appointment. This is not of itself a valid reason for his failure.

The requirement of § 31-235 that the unemployed person be available for work and make reasonable efforts to obtain work has not been met by this claimant. It has been held that it is the burden of one claiming unemployment compensation not only to accept a referral but also to make the opportunity fruitful, and that where such a person did not report for an interview with an employer because he "forgot to," he showed want of good faith in seeking suitable employment. In such a situation, the claimant was declared ineligible for compensation benefits. *Cohen* v. *Unemployment Compensation Board of Review,* 189 Pa. Super. 140 (March 18, 1959).

Reasonable efforts mean such efforts as men would ordinarily use, apply or exercise in their own business to protect their own rights and interests, and such efforts as are within the realm of reason and logic under the circumstances. *Hayes* v. *Clark,* 95 Conn. 510, 517; *Springett* v. *Colerick,* 67 Mich. 362. Among the circumstances which are to be

considered in the instant appeal is the fact that the claimant must seek to demonstrate the essential qualifications for establishing his conformance and compliance with the benefit eligibility conditions precedent. Paragraph 9 of the corrected finding of facts does not form a basis from which it can be concluded that the claimant exerted reasonable efforts and due diligence in the seeking of work, or genuinely exposed himself to the labor market, or did that which might reasonably be expected of him under the circumstances. *Schettino* v. *Administrator,* 138 Conn. 253, 262. Mere passive availability is not the determining factor. The Unemployment Compensation Act does not contemplate that the job is obligated to seek out the individual and coax him to work but presupposes some effort on his part to secure work. *Olson* v. *Starkey,* 259 Minn. 364, 372.

This claimant does not seek to excuse his failure to report back as agreed to the Brunswick Sports Products Company referral on the basis of some error in action, opinion or judgment. There was here no misconception, misapprehension or misunderstanding. The failure of this claimant to remember under the circumstances—that is, his entire admitted forgetfulness to come back for the rest of his referral interview and thus to act as his duty and his personal interest required—is so closely allied to laches or negligence that it is difficult, if not impossible, to distinguish between them. To countenance forgetfulness in the instant situation could open the door to the eventual and effective circumvention of the intendments of the statutory provisions.

This court is compelled to determine that the conclusions of the commissioner as hereinbefore set out could not reasonably and logically follow from, nor are they supported by, the subordinate facts as

found. These conclusions cannot be considered legally sound in giving effect to the personal and insufficient claimed excuse by the unemployed for his failure to conform to the statutory requirements in connection with his desire for benefits. It is found that Augustine Killiany is not entitled to benefits for the period for which they are sought, starting from the date of that failure, November 10, 1960, that is, from the week ending November 12, 1960.

Judgment may enter sustaining the appeal and remanding the case to the unemployment commissioner for the entry of an order in conformity with this opinion. General Statutes § 31-249.