Helen C. Charlonne *vs.* Armand H. Cote *et al.*

MAY 28, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Condon, C. J. This is a petition of appeal to the superior court from a decision of the board of review of the department of employment security pursuant to G. L. 1956, §28-44-52. After a hearing in accordance with §28-44-54 the superior court affirmed the board's decision which sustained the department director's denial of the petitioner's application for unemployment compensation benefits under the employment security act. The cause is here on the petioner's appeal from the decision of the superior court pursuant to §28-44-55.

The facts are substantially undisputed. On June 15, 1962 petitioner became unemployed by reason of the liquidation

of the business of an employer in Pawtucket for whom she. had worked as a bookkeeper continuously for about 24 years. She thereupon applied for employment to the employment section of the employment security department's branch office in her home city of Pawtucket. As a result she was referred to the Frederick Neal Greeting Company of Plainville, Massachusetts, and was hired as a bookkeeper at $70 a week. However, after a trial of two days on the job she left for a number of reasons and applied for unemployment compensation benefits.

The decisive question which the director and later the board had to decide was whether petitioner had voluntarily left the job in Massachusetts without good cause. At the hearing before the board she testified that she was unhappy with the job; that the salary was $7 less than she had been receiving from her former employer; that she had to travel too far from her home in Pawtucket; that several office machines did not operate properly; that she did not like the hours of work from 8:30 a.m. to 5 p.m. because they did not leave her time to look for more suitable employ-. ment; and that she had been asked to write a check on a bank account which she believed had an insufficient balance according to the checkbook.

The last-mentioned reason is the only one which she has pressed in support of the instant appeal. She argues that this incident constituted good cause for leaving her employment. It appears from the record that petitioner was merely asked to draw the check for the signature of her employer. Therefore she was not responsible for its payment and it was of no concern to her whether there were sufficient funds in the account. Her preparation of the check was thus a mere act of clerical routine.

In our opinion there is no merit in her contention that because she was asked to perform this act she had good cause for leaving her employment. However, there is a

serious question whether petitioner's right to benefits should be tested by her failure to continue in the employment to which she was referred outside the state and which she apparently volunteered only to try. If her status before accepting such employment should be held to govern her right to benefits it would appear from the record that she might be entitled thereto.

Whether or not she was bound to accept referral to employment outside the state and not leave it without good cause does not appear to have been considered by the board or the superior court, nor has she raised the question here as a reason of appeal. However, the employment security act is remedial legislation and we are required by §28-42-73 to construe chapters 42 to 44 of title 28 liberally in aid of their declared purpose "to lighten the burden which now falls on the unemployed worker and his family." We are therefore of the opinion that, while the petitioner's appeal should be denied and dismissed and the decision of the superior court affirmed, it should be without prejudice to the right to renew her application for benefits notwithstanding the manner of her leaving the employment in Massachusetts. We express no opinion at this time on whether acceptance of such employment was binding upon her under the employment security act, but leave that question to be determined in the first instance by those charged with the administration of the act.

The petitioner's appeal is denied and dismissed, the decision appealed from is affirmed without prejudice, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Melvin A. Chernick,* for petitioner.

*Harvey S. Reynolds,* for respondents.