210 A.2d 599.

WILLIAM A. MARINELLI *vs.* BOARD OF REVIEW OF DEPARTMENT OF EMPLOYMENT SECURITY.

EDWARD BOULE *vs.* SAME.

MAY 28, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J.   These are two separate petitions to review the decision of the respondent board in each cause denying the claim of each petitioner for benefits under the provisions of the employment security act, G. L. 1956, chapters 42-44 of title 28.   After a hearing thereon before a justice of the superior court a decree was entered in each cause sustaining the decision of the board of review denying employment security benefits.   Each cause is before us on the petitioner's appeal from such decree pursuant to the provisions of §28-44-55.

Since the same issues are present in each appeal, the parties have by agreement and for convenience briefed and argued only the appeal of William A. Marinelli with the understanding that our decision in that cause will apply as well to the appeal of Edward Boule.

The claimant, William A. Marinelli, was employed by the Corning Glass Works in Central Falls, hereinafter referred to as the company, where he had worked for more than one year prior to July 1, 1963.   He was a member of the union which as the bargaining agent had negotiated a contract with the company.   This contract insofar as pertinent here provides that employees with one year of continuous service on July 1 of the vacation year will qualify for one week of vacation; that effective January 1, 1963, persons qualifying for a vacation under the vacation plan of the union contract will receive vacation pay in the following amount: One week's vacation pay will be 3 per cent of total earnings for the prior fiscal year ending December 31; that vacation will, so far as possible, be granted at times most desired by employees, but the final right to allotment of vacation period is reserved by the company.

The contract also provides that if, in the opinion of the company, the vacation plan interferes with the attainment of maximum production, an eligible employee may be required to continue to work and receive vacation pay in lieu

of actual vacation from work. Article XVI, section 6, further provides that: "In the final analysis, whether an employee takes his vacation or not is up to the Company; in other words vacations shall not be compulsory. Further, the Company reserves the right to shut down any or all of its departments or plants for part or all of the vacation periods and to have the employees take their vacations at such times."

Article IV, section 1, vests exclusively in the company the right to manage the company and to direct the working force. The pertinent portions thereof are as follows: "The management of the Company and the direction of working forces, including the right to hire, schedule shifts and hours to be worked, promote, demote, transfer, lay off, suspend, and discharge employees for proper cause * * * are vested exclusively in the Company provided * * *."

The company closed its plant for a three-week period from the week ending July 6 through the week ending July 27, 1963, for its annual vacation period. As an employee who had worked for more than one year but less than five years for the company, the claimant was entitled under the union contract to one week of vacation for which he was entitled to be paid an amount equal to 3 per cent of his total earnings during the fiscal year ending December 31, 1962. This 3 per cent amounted to $136, which sum he was paid.

The questions raised in this appeal involve the application of §28-44-21 and rule XXIV of the regulations of the department of employment security. The pertinent portion of §28-44-21 is as follows:

> "Vacation periods.—An individual who has established eligibility for benefits * * * and who files a claim for waiting period credits or unemployment compensation benefits during a bona fide vacation period * * * shall be ineligible for such waiting period credits or

benefits, unless he can show to the satisfaction of the director

"(a) that such individual did not receive and is not entitled to receive directly or indirectly as an incident to a vacation period any vacation pay, remuneration, or similar payment; or

"(b) that such vacation pay, remuneration, or similar payment, which such individual receives or is entitled to receive in connection with said vacation period, is less than his weekly benefit rate, in which case such individual shall be entitled to waiting period credits or benefits in the same manner as if he were partially employed; provided, however, that * * * the total sum of the vacation pay or other allowances shall be apportioned to the weeks of unemployment comprising a vacation period, as shall be determined by regulations adopted as hereinbefore prescribed; and

"(c) that such vacation period was not the result of an individual request on his part for a vacation during a period where there was work for him at the establishment at which he was customarily employed and at a time when such establishment was not shut down for a vacation period."

Rule XXIV, which was approved and adopted June 20, 1963, is entitled "Vacation Regulation" and is in evidence as exhibit #3. The pertinent portion of the rule reads as follows:

"When a claimant meets the eligibility requirements set forth in Section 28-44-21 of the * * * Act for the receipt of benefits during a vacation period, any vacation pay received by him for that period shall be allocated as follows:

"I. If the total amount received is less than or equal to his average weekly wage, such amount shall be apportioned to the first week of unemployment during such vacation period.

"II. If the total amount received is more than his average weekly wage, such amount shall be apportioned to each week of unemployment during such vacation period in such a manner that no more than an amount equal to his

average weekly wage will be apportioned to any one week; provided, however, that where vacation pay is paid on the basis of a contract designed to give the employee a week's pay for each week of vacation, such amounts mav be substituted for the 'Average Weekly Wage.'

"The term 'average weekly wage,' as used in this regulation means 40 times the average straight time hourly earnings exclusive of bonuses or overtime during an employee's last four weeks of employment immediately preceding his vacation period.

"Upon request made by an employment office, an employer shall furnish information regarding the amount of vacation pay, the vacation period prescribed, and claimant's average weekly wage."

The claimant's average weekly wage during his last four weeks of employment immediately preceding his vacation period, as computed in accordance with the director's interpretation of rule XXIV, was reported by the company, as required by rule XXIV, to be $88.20. The claimant was unemployed during the three weeks in question.

In applying §28-44-21 and rule XXIV, the director apportioned the claimant's average weekly wage through the three-week period as follows: He applied the $88.20 to the $136 vacation pay during the first week and concluded that claimant was not entitled to any waiting period for that week since the amount received exceeded his weekly benefit rate of $36. For the second week, the director applied the remaining $47.80 against the average weekly wage and concluded that claimant was entitled to no waiting-period credit for that week since the amount so applied exceeded his benefit rate. This exhausted claimant's vacation pay and for the third week the director allowed a waiting-period credit. However, the claimant returned to work at the end of the third week and he therefore received no unemployment compensation benefits.

The board of review, by a two-to-one vote, sustained the

director's decision and on appeal the superior court sustained the board's decision. The decree of the superior court is predicated on the findings and conclusions of the two majority members of the board. They interpret the words "vacation period" as used in §28-44-21 and rule XXIV to mean the regular vacation period designated by the company, and not the individual employee's personal vacation. They hold that "the one week of vacation pay" to which claimant was entitled under the union contract is required by §28-44-21 to be "apportioned to the weeks of unemployment comprising a vacation period" of the employer's plant. They further hold that there is nothing in the union contract which conflicts in any way with the statute or rule for apportionment.

The claimant contends that no portion of the $136 vacation pay should be allocated to any week other than the first week, since only the first week was a bona fide vacation. He further contends that the remainder of the three-week period was in reality a layoff and not part of a bona fide vacation period and that therefore rule XXIV, even if valid, was not applicable. The substance of his argument is that §28-44-21 applies to bona fide vacation periods and that the words "vacation period" mean the claimant's actual vacation, and not the period designated by the company.

We believe claimant's argument has merit. In searching for the legislative meaning of these words we are guided by the statutory mandate in §28-42-73 declaring that the employment security act shall be liberally construed in aid of its declared purpose to lighten the burden which falls on the unemployed worker and his family. As the court said in *Harraka* v. *Board of Dept. of Employment Security,* 98 R. I. 197, 200, 200 A.2d 595, 597: "There is no question, in our opinion, but that the legislature intended this statute to be applied broadly to relieve economic distress resulting

from unemployment. It was intended to alleviate distress resulting from any unemployment not caused by the employee leaving his work 'voluntarily without good cause.' " See also *Charlonne* v. *Cote*, 96 R. I. 318, 320, 191 A.2d 276, 277, and *Studley* v. *Board of Review of Dept. of Employment Security*, 88 R. I. 298, 304.

We hold that §28-44-21 refers to bona fide vacation periods and that the words "vacation period" as used in the act mean the claimant's actual vacation period. In the case at bar the claimant was entitled to one week's vacation with pay under the contract. His bona fide vacation period was one week for which he was entitled to "one (1) week's vacation pay." It cannot be said that he had a three-week vacation period. As far as he was personally concerned he had one week's paid vacation and two weeks' layoff. See *Schettino* v. *Administrator, Unemployment Compensation Act,* 138 Conn. 253. The second and third weeks were periods of "total unemployment" under §28-42-3 (15) which provides as follows:

> " 'Total unemployment.' An individual shall be deemed totally unemployed in any week in which he performs no services (as used in subsection (13) of this section) and for which he earns no wages, (as used in subsection (13) of this section), and in which he cannot reasonably return to any self-employment in which he has customarily been engaged."

The second and third weeks, although included within the period designated by the company as a vacation period, did not constitute part of a bona fide vacation period insofar as claimant was concerned and rule XXIV therefore is not applicable. The claimant's $136 vacation pay should be allocated to the first week and he is entitled to a waiting-period credit for the second week and to compensation benefits for the third week.

We have considered the board's contention that under collective bargaining agreements, vacations provided by the

union contract should be considered voluntary periods of unemployment. We are not persuaded by this argument. We have read the cases from other jurisdictions which have been cited by the parties, but in the final analysis they are not of much help because in the case at bar we are dealing with specific statutory provisions and are bound thereby.

In each cause the petitioner's appeal is sustained, the decree appealed from is reversed, and each cause is remanded to the superior court for entry of a new decree in accordance with this opinion.

*Rabinowitz & Zimmerman, Sidney L. Rabinowitz,* for petitioners.

*Aaron S. Helford,* for respondent.