HAZEL M. CARR *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 131764

Memorandum filed September 6, 1966

*Kuehn, Fanning & Orr,* of West Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, *Harry Silverstone* and *Carl D. Eisenman,* assistant attorneys general, for the Administrator, Unemployment Compensation Act.

ARMENTANO, J. This is an appeal from the decision of the unemployment compensation commissioner. The plaintiff, who had worked in Hartford for about ten years prior to her being laid off for lack of work on or about August 5, 1962, returned, with her husband, to reside in Woodsville, New Hampshire. In Woodsville she initiated her claims for unemployment benefits. The plaintiff, in looking for work, visited one or two places a week. She registered for work with the New Hampshire state employment service and filed her claim for benefits against the state of Connecticut. After a hearing, the unemployment compensation commissioner decided that she "did not make reasonable efforts to look for work" and was "not eligible for benefits."

Section 31-235 of the General Statutes, among other qualifying conditions, states that an unem-

ployed individual shall be eligible to receive benefits only if it has been found that she "has been and is making reasonable efforts to obtain work." Reasonable efforts mean such efforts as men ordinarily use, apply or exercise in their own business to protect their rights and interests, and such efforts as are within the realm of reason and logic under the circumstances. *Killiany* v. *Administrator,* 23 Conn. Sup. 188, 191. The unemployment compensation commissioner has concluded that the plaintiff did not make reasonable efforts to look for work. He based his conclusion on his finding that she visited one or two places a week. The courts are bound by the finding of subordinate facts and the reasonable conclusions of fact made by the commissioner. *Almada* v. *Administrator,* 137 Conn. 380, 391.

Although there may be an honest disagreement as to whether one or two visits a week constitute reasonable efforts in looking for work under our statute, it cannot be said that the commissioner acted unreasonably, arbitrarily, illegally, or with improper motive. It is not the function of this court to adjudicate questions of fact. Nor can it substitute its own conclusions for those of the commissioner. *Lanyon* v. *Administrator,* 139 Conn. 20, 28.

Accordingly, for the foregoing reasons the appeal is dismissed and the decision of the unemployment compensation commissioner affirmed.