RALPH SCHETTINO v. THE ADMINISTRATOR, UNEMPLOY-MENT COMPENSATION ACT, ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 13—decided August 14, 1951

*John I. Ely,* with whom was *Harrison F. Turnbull,* for the appellant (defendant American Steel & Wire Co.).

*Daniel Baker,* for the appellee (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the defendant administrator.

BALDWIN, J.   This is an appeal by an employer from the judgment of the Superior Court sustaining an award of the unemployment commissioner in favor of the plaintiff.   He was an employee at the New Haven

plant of the American Steel and Wire Company, here-inafter called the company, and was a member of the union which as the bargaining agent had negotiated a contract with the company. This contract provided that eligible employees would be entitled to a vacation with pay each year. Employees in the service of the company from one to five years were to receive one week, those in service from five to twenty-five years, two weeks, and those in service twenty-five years or longer, three weeks. The employee could specify the vacation period he desired, or the plant management and grievance committee could agree upon such a period, but the company retained the final right to schedule the vacation period between May 1 and October 1 in each year and to allot the vacation time or change the allotments made as it might see fit. The contract stipulated that the employer "retains the exclusive rights to manage the business and plants and to direct the working forces," including "the right to relieve employees from duty because of lack of work or for other legitimate reasons." It further stated that "a period of temporary shutdown in any department for any reason between June 1 and October 1, unless other periods are mutually agreed upon, may be designated as comprising the vacation period for any employees of the department who are eligible for vacations." No vacation period was agreed upon and on April 28, 1949, the company posted a notice to its employees that the plant would close for a two-week vacation period between 7 a. m. on July 30 and 7 a. m. on August 15. This notice indicated that construction work was to be performed during the shutdown period and stated that those employees who were required to work during the two weeks would be notified by their supervisor. The plaintiff, who was eligible for only one week of vacation, received a full week's pay for the first week

of the shutdown. He was mentally and physically able to work during the second week, registered for work with the employment service and duly filed a claim for unemployment benefits for that week. He returned to work for the company when the plant reopened on August 15.

The company attacks the conclusions that the plaintiff had fulfilled the eligibility requirements and was not subject to any disqualification under the unemployment compensation law. General Statutes, § 7501, provides: "An individual shall be deemed to be totally unemployed throughout a week if he has performed during that week no services for which remuneration of any nature is payable. . . ." The company argues that, although the plaintiff may have been technically "unemployed" within this provision, his unemployment resulted from the voluntary agreement of the union as his agent and that, furthermore, he was not "available for work" during the vacation period. The provisions of the statutes pertinent to the discussion of these claims are §§ 7507 and 7508. Section 7507 requires that the employee be "(2) . . . available for work, provided no person shall be termed available for work unless he has been or is making reasonable efforts to obtain work" and that "(4) he has been totally or partially unemployed . . . during his current benefit year for one week . . . with respect to which he has received no benefits but during which he was eligible for benefits in all other respects and was not ineligible for benefits under any provision of section 7508." Section 7508 disqualifies an employee "(2) during the week in which, in the opinion of the administrator, he has (a) left work without sufficient cause connected with his employment."

If the plaintiff had been eligible for a two-week vacation with pay he would not have been entitled to

unemployment benefits for any part of the two-week shutdown period. *Kelly* v. *Administrator,* 136 Conn. 482, 485, 72 A. 2d 54. He was eligible, however, for only a one-week vacation with pay. The action of the company in declaring a two-week period did not have the effect of extending the plaintiff's vacation period. He was on vacation during the first week and unemployed during the second. "The purpose of the act is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." *Kelly* v. *Administrator,* supra, 487; *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82, 20 A. 2d 455. The company admits that the second week of vacation, without pay, was a period of technical unemployment for this plaintiff. It argues, however, that it was a period of voluntary and self-imposed unemployment because the union had made a contract, as the agent for the plaintiff, which gave the company the right to determine the vacation period and to grant certain specific vacation privileges. It points to the authority of *Jackson* v. *Minneapolis-Honeywell Regulator Co.,* (Minn.) 47 N. W. 2d 449, 451. This case appears to have been decided upon the authority of cases arising under the Washington, Pennsylvania, West Virginia and Massachusetts statutes.[1] These statutes, in terms, disqualify plaintiffs who "voluntarily" leave their employment.[2] The dif-

[1] *In re Buffelen Lumber & Mfg. Co.,* 32 Wash. 2d 205, 211, 201 P. 2d 194; *Mattey* v. *Unemployment Compensation Board of Review,* 164 Pa. Super. 36, 39, 63 A. 2d 429; *Paden City Pottery Co.* v. *Board of Review,* 7 CCH Unemployment Ins. Rep., W. Va. ¶ 8090; *Moen* v. *Director of Division of Employment Security,* 324 Mass. 246, 85 N. E. 2d 779, 8 A. L. R. 2d 429; see also *Matter of Rakowski,* 276 App. Div. 625, 97 N. Y. S. 2d 309.

[2] Minn. Stat. § 268.09 (Henderson 1949); Wash. Rev. Stat. Ann. § 9998-211 (Sup. 1945); Pa. Stat. Ann. tit. 43 § 802 (Sup. 1950); W. Va. Code Ann. § 2366 (78) (1) (1949); Mass. Ann. Laws c. 151 A, § 25 (e) (1) (1949); N. Y. Lab. Law § 593 (1).

ference in the wording of these statutes from that of our own (§ 7508) [2] [a]) necessarily affects the reasoning in those opinions. The test of "voluntarily" leaving therein discussed and applied is not the test applied in this state.

Our rule is that "one is not debarred from compensation because he has voluntarily left his employment unless the administrator shall be of the opinion that it was 'without sufficient cause connected with his employment'; and even if the administrator does so find or if he has been discharged for willful misconduct in the course of his employment he is denied compensation only for the week in which he left his employment and the four following weeks. [Rev. 1949, § 7508 (2).]" *Wyka* v. *Colt's Patent Fire Arms Mfg. Co.*, 129 Conn. 71, 73, 26 A. 2d 465. That the plaintiff's unemployment was in fact voluntary and self-imposed does not have support in the facts, and the commissioner did not so find. The essence of the agreement entered into between the union acting as the agent of the plaintiff and the company was, so far as it affected the plaintiff, nothing more than that he should have one week's vacation with pay and that the company should have the right to designate as that week one of the weeks during which it might be shut down for other purposes. It did not amount to a voluntary relinquishment by him of his employment during the second and subsequent weeks of shutdown. The company did not permit its employees, or the union grievance committee acting with the plant management committee, to have any part in designating the time when the vacation was to be taken or the length of the vacation period, as might have been done under the agreement. The company exercised its privilege of designating a period of shutdown as including the vacation period. To say that this action of the company was, in effect, the voluntary

act of the plaintiff because the contract which his union made with the company empowered the company to take that action gives a very strained interpretation to the agreement. It might as well be argued that his agreement for one week's vacation with pay and for a shutdown meant that the company could stretch the vacation period out to any number of weeks it might choose without further compensation to him. It is far more logical to conclude, as the trial court did, that any period of shutdown beyond the one-week vacation for which he was eligible entitled him to unemployment benefits.

The rule laid down in *American Bridge Co.* v. *Review Board,* (Ind. App.) 98 N. E. 2d 193, 195, will achieve a more equitable result under the circumstances of this case. The court said: "One of the express purposes of the Indiana Employment Security Act is to provide for employees who are unemployed through no fault of their own. There is nothing within the provisions of the union contract which would give rise, even inferentially, to a reasonable construction that employees who were not eligible for vacations were affected in any way by the designation of the vacation period for eligible employees. Certainly, the employees who were not eligible for vacation have not by any reasonable interpretation to be placed upon the terms of . . . the bargaining agreement consented to any action by the company which would permit the designation of a period of vacation without pay for them. The agreement specifically says that such period of shutdown may be designated as comprising the vacation period for the employees of the department *who are eligible* for vacation." The contract in the case at bar contained an almost identical provision.

It is significant that the rule laid down in the Massachusetts case of *Moen* v. *Director of Division of*

*Employment Security*, 324 Mass. 246, 85 N. E. 2d 779, was nullified by statute in 1949. Mass. Ann. Laws c. 151 A, § 1 (*r*) (2) (last sentence). The rule in *In re Buffelen Lumber & Mfg. Co.*, 32 Wash. 2d 205, 201 P. 2d 194, was superseded by statute. Wash. Laws, 1951, c. 265, § 12. These statutes, in effect, provide that irrespective of any union contract calling for a vacation those ineligible for paid vacations would not be considered as having quit voluntarily but would be deemed unemployed. The unemployment of this plaintiff for one week without pay did not come about through any act or fault of his own. He was involuntarily unemployed.

The company also alleges that the plaintiff was not eligible for unemployment compensation because he was not "available for work" and was not "making reasonable efforts to obtain work." § 7507 (2). In *LeClerc* v. *Administrator*, 137 Conn. 438, 439, 78 A. 2d 550, we said: "To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market." See *Reger* v. *Administrator*, 132 Conn. 647, 651, 46 A. 2d 844; *Mishaw* v. *Fairfield News*, 12 Conn. Sup. 318, 321. In the *LeClerc* case the plaintiff had limited, for personal reasons not related to her employment, her availability for work within certain hours, and we held that she was disqualified for benefits. We denied eligibility for benefits in *Kelly* v. *Administrator*, 136 Conn. 482, 485, 72 A. 2d 54, where the employer had designated a one-week shutdown for a vacation period and had paid the plaintiff the equivalent of one week's pay. We there said (p. 486): "The plaintiffs were not available for other employment because, normally, no one could be found to employ them for the balance of the week [the vacation period began with a Fourth of

July holiday weekend]. It can hardly be said that
they were in the labor market for so short a period."
This was not essential to the decision of the case. The
plaintiffs had received pay for the one-week vacation,
and the decision of the case turned upon a provision
in § 7508 (4) which disqualifies a plaintiff who has
received "payment by way of compensation for loss of
wages."

In applying the rule as to when a person is available
for work, the circumstances must of course be con-
sidered. *Leonard* v. *Unemployment Compensation
Board of Review*, 148 Ohio St. 419, 421, 75 N. E. 2d 567.
The trial court stated the proposition very appropri-
ately in its memorandum of decision (17 Conn. Sup.
142, 144), to the effect that it cannot be assumed that
"to be 'available for work' must necessarily mean avail-
able for some other work than the employer's. While
the circumstances normally encountered have, in many
cases, led to the necessity of considering the employee's
availability for other work, no reason appears to make
that an inevitable consideration." The plaintiff would
be disqualified under § 7508 (1) if he "failed without
sufficient cause either to apply for available, suitable
work when directed so to do . . . or to accept suitable
work." The commissioner found that the plaintiff
registered for work with the employment service, that
he was physically and mentally able to work and that
he made reasonable efforts to obtain work. The test of
eligibility for benefits is a subjective one. *Reger* v.
*Administrator*, supra; *Mishaw* v. *Fairfield News*, supra.
The plaintiff was not out of work because he voluntarily
left it without sufficient cause relating to his employ-
ment, or because he had not made reasonable efforts
under the circumstances to get other work, or because
other suitable work had been offered him and he had
refused to take it. He was out of work because his

regular job was not then open to him owing to the act of the employer in shutting down its plant. It does not appear that any suitable work was offered but rather that he expected to return to his old job when work at it was available. He did all that reasonably could have been expected of him, under the circumstances, to expose himself to the labor market. It was not unreasonable to hold that the work for which he was available was his old and regular job. So long as no provision of the act disqualifies him, he is entitled to its benefits. *Reger* v. *Administrator*, supra.

This interpretation of the situation finds accord in the rulings under similar circumstances of the administrators of the unemployment compensation acts of several states. See App. Ref. Dec. No. 978, 3 CCH Unemployment Ins. Rep., Kan. ¶ 1950.29; App. Ref. Dec. No. 11, 198, 3 CCH Unemployment Ins. Rep., Kan. ¶ 8087.02; UCC Release 6-1-49, 4 CCH Unemployment Ins. Rep., Me. ¶ 1995.05; App. Bd. Dec., Dkt. B 8-505-8318, 4 CCH Unemployment Ins. Rep., Mich. ¶ 1950.254; Bd. of Rev. Dec. 1152-BR-48, 6 CCH Unemployment Ins. Rep., Ohio ¶ 8222.04; Ref. Dec., 697-AT-44, OAT Dkt. No. 3994, 6 CCH Unemployment Ins. Rep., Okla. ¶ 8049.08; R. Case No. 3219, 7 CCH Unemployment Ins. Rep., W. Va. ¶ 8088.12; Dec. of Exam. No. 161-AT-46, 7 CCH Unemployment Ins. Rep., Wyo., ¶ 1950.54.

The company points to § 7507 (2), which contains a provision to the effect that "no person shall be termed available for work unless he has been and is making reasonable efforts to obtain work." It sought a correction in the finding by adding to it that "During the vacation period claimant made no effort to obtain other employment." The commissioner found that the plaintiff, "being out of work for a limited period of time, by registering for work with the Employment Service . . .

made reasonable efforts to obtain work." We cannot disturb this finding as one illegally or illogically drawn from all of the facts of the case. The commissioner correctly held that the plaintiff was eligible for benefits and not subject to any of the disqualifications under the law.

The view we take of the case makes it unnecessary to discuss the other reasons of appeal.

There is no error.

In this opinion JENNINGS, INGLIS and O'SULLIVAN, Js., concurred; BROWN, C. J., dissented.