ALLEN J. MILLETTE *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        WINDHAM COUNTY        FILE NO. 16122

Memorandum filed October 18, 1973

*Raymond R. Norko,* of Danielson, for the plaintiff.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the defendants.

LONGO, J. This action is an appeal from a finding and decision of the unemployment commissioner for the second district disapproving unemployment compensation benefits to the plaintiff on the ground that he voluntarily left work without sufficient cause connected with his employment. The plaintiff maintains that he did not leave his work voluntarily and that his leaving was with sufficient job-related cause.

The commissioner found the following facts. The plaintiff, a married man twenty-five years of age, was last employed as a civilian by the United States army for one year as a mechanic. One of the conditions of his employment was that he must be a member of the national guard. He had enlisted in the national guard for a period of six years, and this enlistment expired on January 15, 1972. He did not renew his enlistment, electing to accept an honorable discharge. By his unwillingness to reenlist, when he knew reenlistment was a condition of his continued employment, he voluntarily chose to be unemployed.

The commissioner concluded that the plaintiff left work voluntarily, without employment-connected cause, and therefore was not eligible for benefits.

The plaintiff's motion to correct the finding in several respects was denied by the successor temporary commissioner. The requested inclusion of the word "unwritten" in one paragraph of the finding was unnecessary, since the commissioner found as a fact that one of the conditions of the plaintiff's employment was that he should be a member of the national guard. The implication of the condition

is undeniable from a reading of the transcript. Similarly, the correction requested as to another paragraph of the finding is unnecessary, in view of the above finding, and adds nothing material to the conclusion. The request to delete a paragraph of the finding is unnecessary, since the correctness of the paragraph must be decided by the court. Finally, the court is not required to correct the commissioner's decision, as requested in the plaintiff's motion. The court is of the opinion that the finding of facts correctly reflects the testimony as stated in the transcript, and the refusal to make the corrections was proper.

General Statutes § 31-236 provides: "An individual shall be ineligible for benefits . . . (2) (a) during the week in which, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . ." A reading of the transcript of the hearing satisfies the court that the facts found by the commissioner are consistent with the testimony. It is not disputed that the pertinent condition of the plaintiff's employment was the simultaneous membership in the national guard unit in a military capacity and his employment as a mechanic in a civilian capacity. The condition was known to the plaintiff and precipitated his enlistment for a six-year period. The acceptance of the condition was a voluntary act on the part of the plaintiff and was not a condition imposed upon him subsequent to the commencement of his employment. He was, in fact, compelled to resign for the reason that he did not wish to comply with the original condition of his employment, namely, continued enlistment in the national guard. The implication that the condition constituted involuntary servitude imposed by the national guard is not warranted. The condition was of mutual benefit to the employer and the employee.

The court is of the opinion that under the circumstances of this case the conclusion of the commissioner that the plaintiff terminated his employment voluntarily, without employment-connected cause, was not, as a matter of law, unreasonable or arbitrary.

The appeal is dismissed.