ROBERTA A. WINNIE *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT,
ET AL.

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued October 9—decision released October 28, 1975

*Irving B. Shurberg,* town attorney, for the appellant (defendant town of Newington).

*Thomas J. Daley,* assistant attorney general, for the appellee (named defendant).

*William S. Zeman,* for the appellee (plaintiff).

PER CURIAM. The defendant town of Newington appealed to this court from a judgment of the Superior Court which dismissed its appeal from the findings and orders of the administrator of the Unemployment Compensation Act and the unemployment compensation commissioner. The essential facts are undisputed. The plaintiff, Roberta A. Winnie, was employed by the town as a school bus driver. She did not work during the week ending April 24, 1971, because the Newington school system was closed for spring vacation. The parties stipulated that the plaintiff was not paid for the week she did not work. She filed for unemployment com-

pensation benefits and the commissioner found that she was entitled to benefits for the period in question.

The Superior Court dismissed the appeal on the authority of *Schettino* v. *Administrator,* 138 Conn. 253, 83 A.2d 217, making the pertinent observation that although the General Assembly, in § 31-222 of the General Statutes, excluded unemployment compensation coverage for certified teachers and certain supervisory personnel, and in § 31-236 denied benefits for school vacation periods to cafeteria workers and school aides, there is no such statutory exclusion in the case of school bus drivers. What employment should be covered by or excluded from the operation of the Unemployment Compensation Act (General Statutes, c. 567) is a matter for legislative determination. We find no error in the conclusion of the Superior Court that in the light of the provisions of the Unemployment Compensation Act the finding and award of the unemployment compensation commissioner should be sustained and the appeal of the defendant town accordingly dismissed.

There is no error.