Argued November 26, 1975, affirmed January 26, 1976

## POLK COUNTY INTERMEDIATE EDUCATION DISTRICT, *Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al, *Respondents.*

(No. 75-AB-498, CA 4913)

544 P2d 1073

*Kenneth E. Shetterly, Esq.,* Dallas, argued the cause for petitioner. With him on the brief were Hayter, Shetterly, Noble & Weiser, Dallas.

No appearance for respondent Employment Division.

*M. Chapin Milbank, Esq.,* Salem, argued the cause for respondent Julia E. Donaldson. With him on the brief were Schlegel, Milbank, Wheeler & Jarman, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

This is a judicial review (ORS 657.282) of a final order of the Employment Appeals Board, granting unemployment compensation to the claimant-teacher for an eight-week period, hereinafter set forth. The Administrator found for the claimant. The referee found for the employer. The Board found for the claimant. We affirm.

Claimant contracted to work for the employer for 180 days from August 27, 1974 to June 6, 1975. The contract between the parties incorporated the rules of the employer, one of which was as follows:

" 'Maternity leave of absence will be granted, *without pay,* to any full-time employee who has completed at least one year of service with the IED. Such leave may begin as early in the pregnancy as deemed necessary and continue for as long as six months, however, the date of *leaving* and *return* will be determined *jointly by the employee and the Superintendent.* If the employee has not returned to duty within six months, her leave and employment shall automatically terminate.' " (Emphasis supplied.)

On November 13, 1974 a child was born to claimant. There were no complications for either mother or child.

On November 19, 1974 claimant sent a letter to the Superintendent of the employer which stated in part:

"* * * In accordance with Section 5, *Maternity Leave* of the Polk County Intermediate Education District policy manual I respectfully request six months maternity leave commencing on December 1, 1974.

"The care of my baby may not require a maternity leave for the entire six months. When that time in the future arrives that my physician and I determine that my baby no longer requires my continuous care I shall notify you of that fact. At that time we can mutually determine the earliest convenient date for me to resume my duties as a speech clinician."

On November 27, 1974 the Superintendent of the employer sent a letter to claimant saying:

"Your letter of November 19, 1974 relative to Maternity Leave is herewith acknowledged.

"In reference to the Policy of Polk County Intermediate Education District Board, Item 5, Page 8, Maternity Leave, I herewith reply to your request that leave is granted beginning December 1, 1974 and terminating on May 31, 1975."

On January 15, 1975 claimant wrote to the Superintendent that:

"* * * * *.

"I indicated to you in my letter of November 19, 1974 that I may not require a full six months for maternity leave. My new baby is healthy and growing well. I have discussed the matter of my return to work with my physician, and we both feel that I can safely return to my duties as a speech clinician on March 1, 1975. Accordingly, I respectfully request that my maternity leave be terminated on February 29, 1975 and that I be permitted to return to work on Monday morning March 3, 1975 and at that time resume my duties as Speech and Hearing Clinician.

"* * * * *."

On January 23, 1975 the Superintendent wrote to claimant, acknowledging her letter of January 15, 1975, and informing her that his school board had discussed the matter at its meeting of January 20 and that:

"* * * * *

"If you care to present any additional comment to the Board you may be heard on Tuesday, February 18, 1975, at 7:00 P.M.

"* * * * *."

Claimant attended the February 18 meeting and was represented by counsel. At that meeting the school board postponed decision on claimant's request to return to work. On February 28, 1975 claimant filed a claim for unemployment compensation. On March 14, 1975 the Superintendent wrote to claimant stating

that the school board had denied her request to return to work March 3, 1975 and would insist that she remain on maternity leave until May 31, 1975.

Following adverse determination by the referee, claimant appealed to the Board which decided that she was eligible for benefits for the period from March 3 to April 26, 1975.

The employer contends that claimant does not qualify under ORS 657.155 (1) (c)[1] because she was neither (1) unemployed nor (2) available for work because of the contractual relationship of the parties.

■ The first contention is answered by ORS 657.100 which provides in part:

> "An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * *"

Since claimant performed no paid services during the period in question, we find, as a matter of law, that she was "unemployed."

■ The second contention raises the classic contract questions of offer, acceptance, and meeting of the minds. We are not obliged to answer those questions since our decision must turn upon whether there was substantial evidence in the whole record to support the decision of the Board. ORS 183.480 (7) (d). *Scoggins/ Yost/Strong v. Morgan,* 11 Or App 502, 503 P2d 509 (1972).

---

[1]ORS 657.155 (1) (c) states:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. No individual participating in a community work and training program, as defined in ORS 411.855, shall, solely by reason thereof, be deemed unavailable for work within the meaning of this section."

The Board found that:

"Claimant requested a leave of absence of up to six months in accordance with the policy of the employer. This request for leave of absence specifically stated that she may not require the entire six months but would notify the employer when she was able to return to work and at that time a return date could be agreed upon. At the time she requested to return the employer had not filled her position and was in fact, conducting interviews in an attempt to so do. * * * *The type of search for work most likely to result in becoming employed was to attempt to return to her former position with this employer. * * ** (Emphasis supplied.)

In *Schettino v. Administrator,* 138 Conn 253, 83 A2d 217 (1951) an unemployment compensation claimant was entitled to one week of paid vacation from his employer. The employer shut down for two weeks and gave claimant a two-week "vacation" with compensation for the first week only. During the second week the claimant registered for work with the employment service and was able and willing to work. He resumed work for the employer at the end of the two-week period. The employer insisted that benefits should be denied because the claimant was not making a reasonable effort to obtain work. The court held for the claimant and stated:

"* * * He was out of work because his regular job was not then open to him owing to the act of the employer * * * He did all that reasonably could have been expected of him, under the circumstances, to expose himself to the labor market. *It was not unreasonable to hold that the work for which he was available was his old and regular job.* * * *" (Emphasis supplied.) 138 Conn at 261.

Reasonable men can, and do, differ in the case at bar as to whether claimant was "actively seeking" work within the purview of ORS 657.155 (1) (c) by seeking to resume her teaching duties. In *Wood v.*

*Morgan,* 17 Or App 579, 583, 523 P2d 572 (1974) we said:

> "This court cannot substitute its fact judgment for that of the Appeals Board. ORS 183.480 (6-8). The Appeals Board findings are binding on us if they are supported by 'substantial evidence.' [Citing cases] Substantial evidence is 'such proof as a reasonable mind would employ to support a conclusion.' "

We hold that there was "substantial evidence" to support the Board's finding that claimant was "actively seeking" work.

Affirmed.

THORNTON, J., concurs in the result.

**SCHWAB, C. J.,** dissenting.

> "An individual is deemed 'unemployed' in any week * * * with respect to which no wages are payable to him * * *." ORS 657.100.

An unemployed individual is eligible to receive benefits only if he is able to work, available for work, actively seeking and unable to obtain suitable work. ORS 657.155. The parties agree that at all relevant times the claimant had a contract of employment with the Polk County Intermediate Education District. Claimant contends that the District has breached its contract with her by not allowing her to return to work before May 31, 1975. The District contends that she asked and received leave of absence until May 31 and remains an employe of the District on temporary leave.

It follows that either the claimant is correct, in which case she can legally collect her salary from the District for the period in question, or that she has voluntarily chosen to be on leave of absence without pay for the period in question. In either event she does not qualify as an unemployed person available for, actively seeking and unable to find employment.

For the foregoing reasons I dissent.