GERALD F. BERTINI *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT, ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1382

Argued December 15, 1982—decided May 27, 1983

*Leonard M. Caine,* assistant attorney general, for the appellant (named defendant).

*Hugh I. Manke,* with whom, on the brief, was *David A. Reif,* for the appellee (plaintiff).

F. HENNESSY, J. This is an appeal by the defendant administrator from a judgment of the Superior Court granting an award of unemployment benefits to the plaintiff employee.[1]

The dispositive issue involves the doctrine of constructive quit as it applies to an employee who was discharged from his employment for a violation of a work rule.

---

[1] The appeals referee found that the actions of the plaintiff employee constituted a constructive voluntary leaving of suitable work without sufficient job connected cause or other compelling reason, thereby falling within the provisions of General Statutes (Rev. to 1981) § 31-236 (2) (A) which under such circumstances makes the employee ineligible for benefits. The employment security board of review adopted the referee's findings of fact and decision as its own.

The plaintiff accepted additional employment for compensation with his employer's competition in violation of his employer's rule prohibiting such conduct. The plaintiff was fired when the employer became aware of his second job. He applied for and was denied unemployment benefits.

The defendant argues that the plaintiff by his conduct has caused his employment to be terminated; therefore, he has constructively quit his job and should be denied benefits pursuant to General Statutes § 31-236 (2) (A).[2] He further claims that the trial court unreasonably and illegally inferred a lack of intent on the part of the plaintiff to quit his job voluntarily in violation of the precept that the court may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally.

The plaintiff contends that he was fired and that under General Statutes (Rev. to 1981) § 31-236 (2) (B),[3] he cannot be denied benefits because his actions are not those specified in the provisions which allow a denial of benefits. We agree.

[2] General Statutes (Rev. to 1981) § 31-236 (2) (A) makes an individual ineligible for benefits: "if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, provided no individual shall be ineligible for benefits if he leaves suitable work for cause, including leaving as a result of changes in conditions created by his employer, or until such individual has earned at least ten times his benefit rate . . . ."

[3] General Statutes § 31-236 (2) (B) provides: "if, in the opinion of the administrator, he has been discharged or suspended for felonious conduct or repeated wilful misconduct in the course of his employment, until such individual has earned at least ten times his benefit rate; provided (i) a person who, while on layoff from his regular work, accepts other employment and leaves such other employment when recalled by his former employer, or (ii) a person who leaves work which is outside his regular apprenticeable trade to return to work in his regular apprenticeable trade, or (iii) a person who has left work solely by reason of governmental regulation or statute, or (iv) a person who leaves part-time work to accept full-time work, shall not be ineligible on account of such leaving and the employer's account shall not at any time be charged with respect to such separation, unless such

The doctrine of constructive quit or constructive leaving is a concept recognized in some jurisdictions which allows one to infer or to presume from the voluntary actions of an employee that he caused a circumstance which he knew or should have known would result in his being discharged from his employment.

The defendant argues that the doctrine of constructive quit is recognized in this state and cites several decisions in support of that proposition.[4] Such a view is contrary, however, to the plain language of the statute. An employee can be denied benefits under § 31-236 (2) only if he leaves work voluntarily or has been discharged for certain specific conduct in the course of his employment. There is no claim that the plaintiff was discharged for any of the stated reasons set forth in the statute. The claim is that he committed an act which he knew or should have known would result in his dismissal and, therefore, that he "voluntarily" left his employment. Our statute does not permit such a legal

---

employer has elected payments in lieu of contributions. If the administrator finds that an individual was separated from a base period employer under conditions which would result in a disqualification because the individual left suitable work voluntarily and without sufficient cause connected with his work or has been discharged or suspended for wilful misconduct in the course of his employment, thereafter no benefits paid to such individual with respect to any week of unemployment which is based upon wages paid by such employer with respect to employment prior to such separation shall be charged to such employer's account, provided such employer shall have filed a notice with the administrator in accordance with such regulations as the commissioner shall promulgate . . . ."

[4] *Millette* v. *Administrator,* 31 Conn. Sup. 12, 319 A.2d 417 (1973) (employee refused to reenlist in the National Guard which was a requirement of his employment as a civilian mechanic); *Franco* v. *Administrator,* 21 Conn. Sup. 206, 151 A.2d 485 (1959) (truck driver lost his license to operate a motor vehicle). *Schettino* v. *Administrator,* 138 Conn. 253, 257, 83 A.2d 217 (1951), and *Kelly* v. *Administrator,* 136 Conn. 482, 487, 72 A.2d 54 (1950), are not cited for their facts but rather for the statement contained in both cases that "the purpose of the act is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own."

conclusion to be drawn from such facts. In order for benefits to be denied under the portion of § 31-236 (2) (A) which states that "if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work," a person must commit an intentional act of omission or commission which act in and of itself precludes him from continuing his employment. This interpretation of voluntary leaving requires that the employee intend to do or not to do some act which directly prevents him from remaining qualified for the particular position he holds.

Our employment compensation act sets forth in statutory language the conditions under which an employee can be denied benefits. It is not within our power to vary the language of a statute. That is the responsibility of the legislature. *Liistro* v. *Robinson,* 170 Conn. 116, 130, 365 A.2d 109 (1976); *Winnie* v. *Administrator,* 169 Conn. 592, 593, 363 A.2d 1029 (1975); *State* v. *Nelson,* 126 Conn. 412, 416, 11 A.2d 856 (1940). If the plaintiff had left suitable work voluntarily he could be denied benefits, but he did not. He was discharged. If he was discharged for felonious conduct, or for repeated wilful misconduct in the course of his employment, he can be denied benefits, but he was not.[5] He was discharged for violation of a work rule.[6] The voluntary act of the plaintiff in violating the work rule did not in and of itself preclude him from continuing his employment. He continued to be present and qualified for his duties. The employer had to take the further

[5] Public Acts 1981, No. 81-318 provides an additional ground for denying benefits: Conduct constituting larceny in the third degree. Since the petitioner was discharged on May 25, 1981, before the amendatory act was approved, we do not consider it here.

[6] The argument made for the first time on appeal that the plaintiff's work for a competitor in violation of a work rule was repeated wilful misconduct because each day he worked was a separate act of misconduct is without merit. The first time his employer confronted the plaintiff with his displeasure concerning his outside work he fired him. This does not fall within the category of repeated wilful misconduct.

action of deciding to discharge him for violation of the rules of work. The defendant has attempted to change a discharge into a voluntary leaving in order to deny unemployment benefits. That he cannot do within the language of § 31-236.

The defendant further claims that the trial court erred because it is restricted to making a determination that the commissioner acted unreasonably, arbitrarily or illegally and it went beyond those strictures by inferring a lack of intent on the part of the plaintiff to quit his job voluntarily, a fact which the court should not have considered. While it is true that a court cannot substitute its judgment for that of the hearing officer, it is clear in this matter that the court found that the application of the concept of constructive voluntary leaving to the actions of the employee was an erroneous interpretation of the law. We agree.

There is no error.

In this opinion, DALY, J., concurred.

COVELLO, J. (concurring). I concur in the majority opinion but disagree with the definition of voluntary leaving adopted by the majority.

Leaving work voluntarily must only mean the specific, intentional act of terminating one's own employment. If voluntary leaving means "that the employee intends to do or not to do some act which directly prevents him from remaining qualified for the particular position he holds," then the door remains open to infer by employee conduct an intention to leave voluntarily when the employee is in fact fired. Our statute does not permit this for all of the reasons so ably set forth in the majority opinion.