This is an appeal by the defendant administrator from a judgment of the Superior Court granting an award of unemployment benefits to the plaintiff employee.[1]
The dispositive issue involves the doctrine of constructive quit as it applies to an employee who was discharged from his employment for a violation of a work rule. *Page 330 
The plaintiff accepted additional employment for compensation with his employer's competition in violation of his employer's rule prohibiting such conduct. The plaintiff was fired when the employer became aware of his second job. He applied for and was denied unemployment benefits.
The defendant argues that the plaintiff by his conduct has caused his employment to be terminated; therefore, he has constructively quit his job and should be denied benefits pursuant to General Statutes 31-236 (2)(A).[2] He further claims that the trial court unreasonably and illegally inferred a lack of intent on the part of the plaintiff to quit his job voluntarily in violation of the precept that the court may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally.
The plaintiff contends that he was fired and that under General Statutes (Rev. to 1981) 31-236
(2)(B),[3] he cannot be denied benefits because his actions are not those specified in the provisions which allow a denial of benefits. We agree. *Page 331 
The doctrine of constructive quit or constructive leaving is a concept recognized in some jurisdictions which allows one to infer or to presume from the voluntary actions of an employee that he caused a circumstance which he knew or should have known would result in his being discharged from his employment.
The defendant argues that the doctrine of constructive quit is recognized in this state and cites several decisions in support of that proposition.[4] Such a view is contrary, however, to the plain language of the statute. An employee can be denied benefits under 31-236 (2) only if he leaves work voluntarily or has been discharged for certain specific conduct in the course of his employment. There is no claim that the plaintiff was discharged for any of the stated reasons set forth in the statute. The claim is that he committed an act which he knew or should have known would result in his dismissal and, therefore, that he "voluntarily" left his employment. Our statute does not permit such a legal *Page 332 
conclusion to be drawn from such facts. In order for benefits to be denied under the portion of31-236 (2)(A) which states that "if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work," a person must commit an intentional act of omission or commission which act in and of itself precludes him from continuing his employment. This interpretation of voluntary leaving requires that the employee intend to do or not to do some act which directly prevents him from remaining qualified for the particular position he holds.
Our employment compensation act sets forth in statutory language the conditions under which an employee can be denied benefits. It is not within our power to vary the language of a statute. That is the responsibility of the legislature. Liistro v. Robinson, 170 Conn. 116, 130,365 A.2d 109 (1976); Winnie v. Administrator,169 Conn. 592, 593, 363 A.2d 1029 (1975); State v. Nelson, 126 Conn. 412, 416, 11 A.2d 856 (1940). If the plaintiff had left suitable work voluntarily he could be denied benefits, but he did not. He was discharged. If he was discharged for felonious conduct, or for repeated wilful misconduct in the course of his employment, he can be denied benefits, but he was not.[5] He was discharged for violation of a work rule.[6] The voluntary act of the plaintiff in violating the work rule did not in and of itself preclude him from continuing his employment. He continued to be present and qualified for his duties. The employer had to take the further *Page 333 
action of deciding to discharge him for violation of the rules of work. The defendant has attempted to change a discharge into a voluntary leaving in order to deny unemployment benefits. That he cannot do within the language of 31-236.
The defendant further claims that the trial court erred because it is restricted to making a determination that the commissioner acted unreasonably, arbitrarily or illegally and it went beyond those strictures by inferring a lack of intent on the part of the plaintiff to quit his job voluntarily, a fact which the court should not have considered. While it is true that a court cannot substitute its judgment for that of the hearing officer, it is clear in this matter that the court found that the application of the concept of constructive voluntary leaving to the actions of the employee was an erroneous interpretation of the law. We agree.
 There is no error.
In this opinion, DALY, J., concurred.