Each of these appeals is from a judgment sustaining the plaintiff's appeal from a decision of the defendant administrator denying unemployment compensation benefits. All three plaintiffs were discharged by their respective employers after losing their driver's licenses as a result of motor vehicle violations. At issue in each case is the doctrine of constructive voluntary leaving of suitable work without sufficient cause.
In file No. 1364, the plaintiff was a laborer and mechanic at a truck stop. Part of his job entailed making road service calls which necessitated a valid driver's license. Following an automobile accident, the plaintiff's license was revoked for driving an uninsured motor vehicle. In file No. 1386, the plaintiff, who was required to drive a company owned vehicle, had his license suspended for a speeding violation. Finally, in file No. 1415, the plaintiff, employed as a truck driver, had his New Jersey driving privileges revoked following a conviction in that state for driving while intoxicated. *Page 373 
Procedurally, the three cases are identical. In each instance, the defendant administrator ruled that the plaintiff left suitable work voluntarily and without sufficient cause. He therefore denied benefits. Each decision was affirmed by the appeals referee and by the employment security board of review on the ground that since the plaintiff's termination was brought about by his own conduct (i.e., violation of the motor vehicle laws), he constructively quit his job and thereby rendered himself ineligible for benefits as provided by General Statutes 31-236 (2)(A).[1]
Each plaintiff appealed this denial to the Superior Court, which held that in each instance, the employee did not leave his work voluntarily and thus sustained the appeal. From these judgments the defendant appealed to this court.
In his appeals, the defendant urges this court to adopt the doctrine of constructive voluntary leaving and to reverse the decisions of the trial courts.
This court recently had occasion to consider the doctrine of "constructive voluntary leaving" in a slightly different context in Bertini v. Administrator, 39 Conn. Sup. 328, 464 A.2d 867
(1983). In Bertini, the claimant was denied benefits after he was discharged for violating a work rule prohibiting outside work for competitors. In that case, we held that the doctrine of constructive quitting, while recognized in some jurisdictions, violates the plain and unambiguous language of General Statutes (Rev. to 1981) 31-236 (2) which provides that an employee may only be denied benefits "(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . or (B) if, in the opinion of the administrator, he has been discharged or suspended *Page 374 
for felonious conduct or repeated wilful misconduct in the course of his employment. . . ." The holding of Bertini is equally applicable to the facts of the present cases and we therefore affirm the decisions of the courts.
Where the language of a statute is plain and unambiguous, the intent of the legislature must be derived from that language. State v. Assuntino,180 Conn. 345, 350, 429 A.2d 900 (1980). This court cannot, by construction, read into such a statute provisions which are not clearly stated. Frazier v. Manson, 176 Conn. 638, 642,410 A.2d 475 (1979). The defendant's interpretation of31-236 (2)(A) would have us do just that. Moreover, it would contravene the clearly remedial purpose of the Unemployment Compensation Act. General Statutes 31-274 (c);[2] see Robinson v. Unemployment Security Board of Review, 181 Conn. 1,24, 434 A.2d 293 (1980).
The plaintiffs in the present cases neither left their employment voluntarily nor were they discharged for felonious or repeated wilful misconduct in the course of their employment. Accordingly we conclude that the trial courts properly sustained their appeals.
 There is no error.
DALY, BlELUCH and COVELLO, Js., participated in these decisions.