[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Fred P. Zullo, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits against his former employer, E. L. Wagner Co., Inc., of Bridgeport. The claimant stated that he was entitled to such benefits because he was ready and willing to accept employment with his former employer. The employer contends that the claimant, who had worked for about five years as a service technician, was offered his old job back on February 12, 1996, after he had previously been laid off on November 30, 1995, but declined the offer, and hence was ineligible for benefits. The CT Page 5939 named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits.
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The employer stated that the claimant refused its offer to rehire him at the same job and with the same pay because the claimant had obtained a new job with Aquarius Pool Service, Inc. (Aquarius), of Norwalk, starting on or about April 1, 1996. The referee stated that the issue was whether the claimant had refused to accept a suitable offer of rehire from his former employer without sufficient cause. The referee made the following factual findings: (1) on February 12, 1996, the claimant refused a recall and advised his former employer that he had obtained a new job at a higher rate of pay; and (2) the claimant began work with Aquarius on March 1, 1996, which date was later corrected to April 1, 1996. Accordingly, the referee concluded that the claimant had failed to accept suitable employment without sufficient cause, and hence he reversed the administrator's decision and denied benefits to the claimant.
In accordance with General Statutes § 31-249, the claimant appealed the referee's decision to the Employment Security Appeals Division Board of Review (board). The claimant contended that he had agreed to work for his former employer from February 12, 1996, until April 8, 1996, when he planned to start his new job with Aquarius. The claimant stated that his former employer only wanted him back if the claimant agreed to work permanently, an offer which he could not accept because of the new job starting in April. The board affirmed the decision of the referee on the basis that the more credible evidence was that the claimant never offered to return to work for his former employer. The board stated that the issue was not whether the claimant refused suitable employment without sufficient cause, but that the claimant was not available for full-time work during the period from February 12, 1996, until April 6, 1996, when he started his new job. Thus, the board adopted the referee's findings of fact and dismissed the appeal.
The claimant, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes §31-249b. The plaintiff claims that he had advised his former CT Page 5940 employer on February 12, 1996, that he was available for work until the first week of April, when he was to start with Aquarius, but that his former employer would allow him to work only if he agreed to continue employment during the whole of 1996. The defendant board filed a return of record, and a hearing was held before the court on February 27, 1997.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise CT Page 5941 of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. This statute provides, in pertinent part: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section § 519 of the Connecticut Practice Book." Practice Book § 519(a) provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 515A provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,Unemployment Compensation Act, 43 Conn. App. 779, 785,686 A.2d 134 (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 515A, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged. CT Page 5942
Even if the court were to analyze this appeal on its merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion";Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-235 (a)(2) provides in pertinent part that an unemployed person shall be eligible to receive benefits if "he is available for work." According toSchettino v. Administrator, 138 Conn. 253, 260, 83 A.2d 217
(1951), "[t]o be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market." (Internal quotation marks omitted). The plaintiff contends that he was available for work and was entitled to benefits under this statute.
Section § 31-235-6 (a) of the Regulations of Connecticut State Agencies provides: "In order to find an individual eligible for benefits for any week, the Administrator must find the individual available for full-time work during that week. An individual is available for work if he is genuinely exposed to the labor market. An individual is genuinely exposed to the labor market if he is willing, able and ready to accept suitable work." Section § 31-235-7 provides in pertinent part: "Where an individual has established that he is genuinely exposed to the labor market for a short duration . . . because he has secured new employment to commence in the near future, the individual must be available for temporary full-time employment in order to be eligible for benefits."
The board's conclusion that the plaintiff was ineligible for benefits because he was unavailable for work during the period in question was within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that CT Page 5943 the board was presented with sufficient evidence in this case to justify the conclusions it reached concerning the circumstances surrounding the employer's offer of a recall and whether the plaintiff was available for work. Therefore, the defendant board's motion for judgment dated January 3, 1997, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of May, 1997.
William B. Lewis, Judge