[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Michael A. Marra ("claimant") filed a claim for unemployment compensation benefits against his former employer, the plaintiff, Janet Dresden's Incredible Ed., Inc., d/b/a Incredible Edibles, of Stamford. The claimant had worked as a part-time cook for Incredible Edibles for several years. The employer contends that the claimant was offered work but declined the offer, and hence was ineligible for benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits.
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-242. The matter was referred to an appeals referee for a hearing de novo. The employer stated that the claimant refused its offer to work two one-day assignments on May 7, 1996 and on May 18, 1996. The referee stated that the issue was whether the claimant had refused to accept suitable employment from his former employer. The referee made the following factual findings: (1) the claimant refused an offer to work on May 7, 1996, because he was still employed elsewhere and there was a conflict of hours between the two jobs; and (2) the claimant refused an offer to work on May 18, 1996, because he CT Page 13318 lived in New Haven and the offer to work was in lower Fairfield County, which was too far from his home. Accordingly, the referee concluded that the claimant had not failed to accept "suitable" employment because the employment was not in fact suitable. Hence, he affirmed the administrator's decision granting benefits to the claimant.
The employer appealed the referee's decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The employer argued that the claimant was not employed on May 7, 1996 and could have accepted work on that day. The employer further argued that traveling from his home in New Haven should not have been an issue because the claimant had traveled at length while working for the employer. The board affirmed the decision o f the referee in a decision dated March 12, 1997, on the basis that the claimant was not disqualified for refusing to accept suitable work because "the assignment locations were an unreasonable distance from his New Haven residence." Thus, the board adopted the referee's finding that the job offers were not in the claimant's "labor market" and hence dismissed the appeal.
The plaintiff employer appeals to this court, pursuant to General Statutes § 31-249b, contending that the issue of distance from the claimant's home to work had never been discussed by the claimant and did not surface until the hearing before the referee. The plaintiff also argues that the claimant had traveled long distances throughout his employment. The defendant board filed a return of record, and a hearing was held before the court on August 15, 1997.
The Superior Court has been provided several guideposts by the Supreme Court on reviewing an appeal of this nature. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume CT Page 13319 coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." Id., 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
In reviewing this appeal, General Statutes § 31-249b
should be noted. This statute provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 (a) provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 515A provides that if an appellant wants to correct the board's findings, he must, CT Page 13320 within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519 (b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings [is] "a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator. Unemployment Compensation Act,44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 515A, the board's factual findings in this case and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Furthermore, in this present appeal, the defendant administrator correctly points out in its motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se . . . ." (Internal quotation marks omitted.) Expressway Associates II v. Friendly Ice CreamCorp. of Connecticut, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Even if the court were to reach the merits of this appeal, the result would not change. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan, supra,43 Conn. App. 785.
General Statutes § 31-235 (a) (2) provides in pertinent part that an unemployed person shall receive benefits if "he is available for work." In order to be available for work within the meaning of the statute, "one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market." (Citations omitted; internal quotation marks omitted). Schettino v. Administrator, 138 Conn. 253, 260, CT Page 1332183 A.2d 217 (1951). Section § 31-235-6 (a) of the Regulations of State Agencies provides in pertinent part that "[i]n order to find an individual eligible for benefits for any week, the Administrator must find the individual available for full-time work during that week. An individual is available for work if he is genuinely exposed to the labor market. An individual is genuinely exposed to the labor market if he is willing, able and ready to accept suitable work." A "labor market" exists for an individual "when there is a market for the type of services which he offers in the geographical area in which he offers them."Reger v. Administrator, 132 Conn. 647, 651, 46 A.2d 844 (1946). "The Administrator shall find that a labor market exists for an individual, if within a reasonable geographical area, there are jobs for which he possesses skills and abilities." Section §31-235-6 (b). Regulations of State Agencies.
The board's conclusion that the job offer in Stamford was not within "a reasonable geographical area" of the claimant's home in New Haven is not unreasonable and was within the board's competence and should therefore not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the plaintiff employer's offer of employment to the claimant and whether it was suitable in terms of the geographical area involved. Therefore, the defendant board's motion for judgment dated July 10, 1997 (#101), is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of December, 1997.
William B. Lewis, Judge
CT Page 13322